IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HUGHETTE CRUMPLER, ) | CASE NO. C-1-02-131 |
| ) | |
| Plaintiff, ) | JUDGE SUSAN J. DLOTT |
| ) | |
| vs. ) | |
| ) | |
| TELXON CORPORATION, et al., ) | |
| ) | |
| Defendants/Third-Party ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| JOHN W. PAXTON, SR., ) | |
| ) | |
| Third-Party Defendant. ) | |

**TELXON CORPORATION AND SYMBOL TECHNOLOGIES, INC.'S
MEMORANDUM IN OPPOSITION TO THE JOINT MOTION TO STRIKE**

**MEMORANDUM IN OPPOSITION**

For reasons set forth below, Symbol Technologies, Inc. ("Symbol") and Telxon Corporation ("Telxon") respectfully request this Court to: (i) deny John W. Paxton, Sr. ("Paxton") and Hughette Crumpler's ("Crumpler") Joint Motion to Strike Symbol and Telxon's Memorandum in Opposition to their Motions for Summary Judgment; and (ii) grant Symbol and Telxon leave to file its Memorandum in Opposition as was timely filed with the Court.

### A. Symbol and Telxon Made an Honest Mistake Regarding the Page Limitation Set by This Court and Now Respectfully Seek Leave to File.

Symbol and Telxon previously moved this Court for a six-week extension to file its opposition to both Paxton and Crumpler's Motions for Summary Judgment due to the fact that the two attorneys on this case, Jim Wertheim and Kimberly Smith, were suddenly scheduled to be in trial on August 25, 2003 in Summit County. Crumpler and Paxton opposed the motion, and the Court granted Symbol and Telxon a two-week extension. What was supposed to be a one-week trial has now turned into three, and closing arguments are literally occurring right now. Due to trial running over, Mr. Wertheim and Ms. Smith were unable to dedicate <u>any</u> time to Symbol and Telxon's Memorandum in Opposition to Paxton's and Crumpler's Motions for Summary Judgment and have been out of the office in Akron for three weeks. As a result, undersigned counsel was asked to "step in" and quickly process the record without their assistance and prepare Symbol and Telxon's Memorandum in Opposition to Paxton and Crumpler's Motions.[1]

Prior to drafting Telxon and Symbol's Memorandum in Opposition, undersigned counsel reviewed Local Rule 7.2(3) and noted that it stated memoranda in opposition "should not" exceed 20 pages, but that in cases where it does, counsel must provide a table of contents and summary. Undersigned counsel also reviewed the court's various case management orders filed in this case and noted that no page limitation was specified. Undesigned counsel then noted that Paxton's Memorandum in Support was 30 pages and included a table of contents and summary as required by Local Rule 7.2. Based on the foregoing, undersigned counsel mistakenly reached the conclusion

---

[1] Note that undersigned counsel participated in the early stages of this case, but was reassigned to other matters. Undersigned counsel was not involved in this case for months and has now been working night and day for the last few weeks to properly get up to speed and oppose Paxton and Crumpler's Motions for Summary Judgment.

that memoranda in opposition were not subject to a page limitation. After receiving Paxton and Crumpler's Motion to Strike, undersigned counsel immediately contacted Crumpler's attorney (Mr. McMahon) and inquired about where the 20 page limitation was set forth by the Court. Mr. McMahon advised undersigned counsel that the Court's standing order is posted on the Southern District web page. While Mr. Wertheim and Ms. Smith may have been aware of this, undersigned counsel was not and would never "purposefully disregard" the rules of this Court, as Paxton and Crumpler unfairly assert.[2] (See Mem. in Support of Mot. to Strike pg. 3.) Rather, this was an honest and unintentional mistake caused by unforseen circumstances.[3]

Symbol and Telxon respectfully move this Court for leave for an extension of the page limitation. Symbol and Telxon filed <u>one</u> Memorandum in Opposition to both Paxton and Crumpler's Memoranda in Support that raised multiple arguments and moved for summary judgment on both their claims, <u>and</u> Symbol and Telxon's counterclaims and third-party claims. Symbol and Telxon's Memorandum in Opposition totaled 63 pages, but responded to 50 combined pages of argument

---

[2] Undersigned counsel admits to not consulting Mr. Wertheim or Ms. Smith, a regrettable but honest mistake. Undersigned counsel did consult two other colleagues, one of whom also reviewed the Local Rule and the Court's various orders contained in the file. Both concurred with my conclusion. Undoubtedly, had undersigned counsel known about the 20 page limitation, Symbol and Telxon would have moved for an extension to at least 30 pages for each Memorandum in Opposition, or for a combined total of 60 pages. Undersigned counsel recognizes now that Paxton was granted an extension to 30 pages. Therefore, Telxon's 63 page Memorandum in Opposition to both Motions is not a "sanctionable" offense as Paxton and Crumpler assert.

[3] Paxton and Crumpler state that undersigned counsel's conduct "must be sanctioned." (See pg. 3.) Needless to say, undesigned counsel simply finds this recommendation amazing given the circumstances and would never make such a recommendation where a party exceeds a page limit. While admittedly not required, a courtesy call would have been appreciated and perhaps appropriate. Undersigned counsel has done so in the past and will continue to do so.

presented by Paxton and Crumpler in their two separate Memoranda in Support of their Motions for Summary Judgment. Symbol and Telxon's Memorandum in Opposition not only responded to Paxton and Crumpler's 50 combined pages of argument, but also had to address issues that Paxton and Crumpler will undoubtedly address and clearly reserved for their Reply Memoranda, which will potentially give them another 40 pages of briefing. Accordingly, a single 63 page Memorandum in Opposition addressing 90 combined total pages of briefing is not unreasonable given the circumstances. Symbol and Telxon, therefore, respectfully move the Court for leave to file its Memorandum in Opposition, as currently filed with the Court, to <u>both</u> Paxton and Crumpler's Motions for Summary Judgment.

      **B.**    **Symbol and Telxon Have Filed a Notice of Manual Filing of an Appendix.**

Just before Paxton and Crumpler filed this Motion to Strike, Symbol and Telxon filed a notice of manual filing indicating that a joint appendix was being manually filed. All parties and the Court will receive it tomorrow via mail. Symbol and Telxon had every intention of electronically filing all of the declarations and exhibits. However, this proved impossible to process electronically considering that the 13 declarations, along with their respective exhibits, total several hundred pages. Needless to say, the scanning process alone was a nightmare and abandoned. Symbol and Telxon contacted the Court and were advised to file the notice of manual filing, and did so. Symbol and Telxon did not purposefully delay the filing of the exhibits.

      **C.**    **Symbol and Telxon Contacted the Court and Were Granted a 48 Hour Extension, With the Consent of Both Paxton and Crumpler.**

As indicated, Symbol and Telxon sought a six-week extension to oppose Paxton and Crumpler's Motions for Summary Judgment. The Court granted Symbol and Telxon two weeks.

As a result of Mr. Wertheim and Ms. Smith's trial running over two weeks, the Memorandum in Opposition had to be prepared without their assistance, thereby necessitating a short 48-hour extension to complete the brief. Drew Carson, counsel for Symbol and Telxon, contacted Paxton and Crumpler's attorneys for consent to the 48-hour extension, and both consented. Paxton and Crumpler admit that they did so at page 4 of their Memorandum in Support of the Joint Motion to Strike. Both consented, and Mr. Carson subsequently contacted the Court for approval. Mr. Carson spoke to your Honor's "case scheduler" and explained the situation. The case scheduler indicated that the extension was acceptable and would make an entry for the docket giving Symbol and Telxon until midnight to file on September 10, 2003. Mr. Carson inquired as to whether any formal papers had to be filed, and the case scheduler indicated that a motion did not need to be filed for such a short unopposed extension.[4] Symbol and Telxon would never attempt to "unilaterally violate" any order of this Court as Paxton and Crumpler unfairly assert. (See Mem. in Support of Joint Mot. to Strike pg. 4.)

## CONCLUSION

Symbol and Telxon respectfully request leave to file its 63 page Memorandum in Opposition to both Paxton and Crumpler's Motions for Summary Judgment. In the event the Court denies such leave, Symbol and Telxon respectfully request that the Court permit Symbol and Telxon leave to file substitute Memoranda in Opposition of an adequate length to properly oppose both Paxton and Crumpler's Motions for Summary Judgment.

---

[4] Mr. Carson, who I have contacted by phone and is out of the office today, will submit to the Court an affidavit if so requested. Mr. Wertheim and Ms. Smith will undoubtedly do the same once their trial is complete.

Respectfully submitted,

/s/ Jon J. Pinney

| | |
|---|---|
| OF COUNSEL: | JAMES S. WERTHEIM (0029464)<br>KIMBERLY Y. SMITH (0066849) |
| GOODMAN WEISS MILLER LLP | JON J. PINNEY (0072761)<br>100 Erieview Plaza, 27th Floor<br>Cleveland, OH 44114-1882<br>(ph.) 216-696-3366 • (fax) 216-363-5835<br>wertheim@goodmanweissmiller.com<br>smith@goodmanweissmiller.com<br>pinney@goodmanweissmiller.com |

**Attorneys for Defendants/Third-Party Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2003, a copy of Telxon Corporation and Symbol Technologies, Inc.'s Memorandum in Opposition to the Joint Motion to Strike was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Jon J. Pinney
JON J. PINNEY (0072761)