IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

HUGHETTE CRUMPLER,                    :
                                      :    Case No. 1:02cv131-SJD
            Plaintiff(s)              :
                                      :    District Judge Susan J. Dlott
      v.                              :
                                      :    ORDER
TELXON CORPORATION, et al,            :
                                      :
            Defendant(s)              :


      This matter comes before the Court on Defendants' Motion to Dismiss the

Counterclaim of the Third Party Defendant.  (Doc. 18)  Since Defendants filed

their motion on September 6, 2002, the Third Party Defendant has amended his

counterclaim.  The First Amended Counterclaim supersedes the Counterclaim and

technically renders Defendants' motion to dismiss moot.  See Yates v. Applied

Performance Techs., Inc., 205 F.R.D. 497, 499 (S.D. Ohio 2002).  However,

          defendants should not be required to file a new motion to
          dismiss simply because an amended pleading was
          introduced while their motion was pending.  If some of
          the defects raised in the original motion remain in the
          new pleading, the court simply may consider the motion
          as being addressed to the amended pleading.  To hold
          otherwise would exalt form over substance.

Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1476 (2d ed. 1990).

Defendants moved to dismiss the Counterclaim on the grounds that the Third Party Defendant has failed to state a claim upon which relief can be granted.  The validity of Defendants' arguments depends greatly on the specific facts alleged in the operative Counterclaim.  While the First Amended Counterclaim may not cure the deficiencies asserted by Defendants, the allegations contained therein are sufficiently different from those in the Counterclaim to confound an attempt to apply the arguments made in Defendants' motion to them.  Consequently, the Court **DENIES AS MOOT** Defendants' Motion to Dismiss the Counterclaim. (Doc. 18)  If Defendants' wish to pursue dismissal further at this stage, then they must file a new motion to dismiss that addresses the specific allegations set forth in the First Amended Counterclaim.

IT IS SO ORDERED.

___s/Susan J. Dlott_____
Susan J. Dlott
United States District Judge