IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SUSAN J. DLOTT |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | **TELXON AND SYMBOL'S** |
| Defendants/Third-Party | ) | **MEMORANDUM IN OPPOSITION** |
| Plaintiffs, | ) | **TO PAXTON AND CRUMPLER'S** |
| | ) | **JOINT MOTION FOR AN** |
| vs. | ) | **EXTENSION OF TIME** |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**MEMORANDUM IN OPPOSITION**

Defendants/Third-Party Plaintiffs Symbol Technologies, Inc. ("Symbol") and Telxon Corporation ("Telxon") respectfully submit this Memorandum in Opposition to Third-Party Defendant John W. Paxton, Sr.'s ("Paxton") and Plaintiff Hughette Crumpler's ("Crumpler") Joint Motion for an Extension of Time to file their respective Reply Memoranda.

    **A.**    **Paxton and Crumpler's Stated Grounds for the Extension Are Untrue and Otherwise Do Not Provide Good Cause for an Extension of Time.**

As grounds for their Motion, Paxton and Crumpler make a number of untrue statements regarding Symbol and Telxon's Memorandum in Opposition to Paxton and Crumpler's Motions for

Summary Judgment.[1] For instance, Paxton and Crumpler claim that they need additional time to address "numerous unanticipated evidentiary issues." (*See* Mot. for Ext. pg. 2.) Paxton and Crumpler assert that the numerous unanticipated evidentiary issues were created by Symbol and Telxon's "two-volumed" appendices, particularly the declarations attached:

> Included among those materials are thirteen "Declarations," eleven of which come from witnesses who were never deposed. More significantly, almost half of these Declarations come from individuals whom Telxon and Symbol never disclosed to Crumpler and Paxton as witnesses or individuals with knowledge, whether in their Initial Disclosures or at any time during discovery. Finally, Telxon and Symbol also filed one Declaration from, Robert A. Goodman, Esq. an attorney with Defendants' legal counsel, Goodman Weiss Miller LLP, who they represented to the Court would *not* be used as a witness (in order to avoid being disqualified). Crumpler and Paxton must now devote time, energy and resources to addressing these evidentiary matters that never should have arisen at this stage in the proceedings.

(*See* Mot. for Ext. pg. 2.) These statements are untrue.

Symbol and Telxon's Rule 26(a)(1) initial disclosures identified eight of the thirteen individuals that proffered declarations. Symbol and Telxon certainly did not prevent either Paxton or Crumpler from deposing the six witnesses whose depositions were not taken. As for the remaining five declarations, three authenticated documents and the remaining two declarations are from Bridgette Huerkamp and Daryl Kochy, who were identified as witnesses by Paxton and Crumpler during their depositions. (*See* Paxton Depo. pgs. 138, 174, 176-177; Crumpler Depo. pgs. 144-45.) Symbol and Telxon simply contacted these two witnesses after Paxton and Crumpler

---

[1] When responding to Paxton and Crumpler's request for consent to an extension of time, counsel for Symbol and Telxon advised counsel for Paxton that Symbol and Telxon would not consent to an extension of time, but committed to review and consider in good faith the stated grounds in their Motion and then determine whether to file a written opposition with the Court. Symbol and Telxon would not have opposed their Motion absent a number of untrue statements made in their Motion that cannot go unaddressed.

brought them to Symbol and Telxon's attention. With respect to the declaration of Robert A. Goodman, Paxton and Crumpler fail to point out that Mr. Goodman's declaration only authenticated Telxon Board minutes previously produced.[2] There are no "unanticipated evidentiary issues" that support Paxton and Crumpler's request for additional time.

> **B.     This Court Already Provided Paxton and Crumpler Ample Time to Respond to Symbol and Telxon's Memorandum in Opposition.**

This Court's September 12, 2003 Order addressing Paxton and Crumpler's Joint Motion to Strike afforded Paxton and Crumpler two full weeks to file their reply memoranda. Paxton and Crumpler are now seeking an additional week, giving them three weeks to reply to Symbol and Telxon's Memorandum in Opposition.[3] Telxon's original 63-page Memorandum in Opposition was filed (admittedly out of rule) on September 10, 2003, and Paxton and Crumpler received the appendices on September 12, 2003. Accordingly, a one-week extension until October 10, 2003 will essentially afford Paxton and Crumpler 30 days to prepare and file their reply memoranda.

Contrary to Paxton and Crumpler's assertions, basic principles of fairness do not require that Paxton and Crumpler be afforded additional time to respond to a "50-page brief." (*See* Mot. for Ext. pg. 1.) Paxton and Crumpler can file 100 combined pages of briefing in response to Symbol and Telxon's single 50-page brief. Paxton and Crumpler are separate parties with separate sets of attorneys. "Basic principles of fairness" do not warrant affording two separate parties with two separate law firms additional time to respond to a single memorandum in opposition.

---

[2] As noted in Symbol and Telxon's Memorandum in Opposition, Paxton and Crumpler deposed Mr. Goodman but have ignored his testimony in its entirety, particularly when repeatedly stating to the Court that "no genuine issues of material fact exist."

[3] Symbol and Telxon are not sure if Paxton and Crumpler are seeking a seven or four day extension. The Motion states from "October 3, 2003 until October 7, 2003," while the prayer asks for "until and including October 10, 2003." Symbol and Telxon oppose any extension.

**CONCLUSION**

For the foregoing reasons, Symbol and Telxon respectfully request that the Court deny Paxton and Crumpler's Joint Motion for an Extension of Time. This Court has already afforded Paxton and Crumpler two weeks to respond, and Paxton and Crumpler's stated grounds do not support an additional one week extension.

Respectfully submitted,

/s/ Jon J. Pinney

| | |
|---|---|
| OF COUNSEL: | JAMES S. WERTHEIM (0029464)<br>KIMBERLY Y. SMITH (0066849) |
| GOODMAN WEISS MILLER LLP | JON J. PINNEY (0072761)<br>100 Erieview Plaza, 27th Floor<br>Cleveland, OH 44114-1882<br>(ph.) 216-696-3366 • (fax) 216-363-5835<br>wertheim@goodmanweissmiller.com<br>smith@goodmanweissmiller.com<br>pinney@goodmanweissmiller.com |

**Attorneys for Defendants/Third-Party Plaintiffs**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 1, 2003, a copy of the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

    /s/ Jon J. Pinney
JON J. PINNEY (0072761)