IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | **DEFENDANTS' AMENDED RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR ADMISSION** |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Defendants Telxon Corporation ("Telxon") and Symbol Technologies, Inc. ("Symbol") hereby provide responses to Plaintiff's Second Request for Admission as follows:

### REQUESTS FOR ADMISSION

1. Admit the By-laws are a true and accurate copy of Telxon's corporate by-laws in effect during 1999.

**Response:** Admitted.

2. Admit that the By-laws are a true and accurate copy of Telxon's corporate by-laws in effect during 2000.

**Response:** Admitted.

3. Admit that the By-laws did not require Paxton, Telxon's Chief Executive Officer, to obtain the Board of Directors' approval in advance of hiring a "non-executive officer," as that phrase is defined in Article III, Section 3 of the By-laws, prior to July 25, 2000.

**Response:** Denied. The By-Laws required Paxton to operate under any limitations or direction set by the Board.

4. Admit that the By-laws did not require Paxton, Telxon's Chief Executive Officer, to obtain the Board of Directors' approval in advance of signing a change in control agreement with a "non-executive officer," as that phrase is defined in Article III, Section 3 of the By-laws, prior to July 25, 2000.

**Response:** See response to Request No. 3.

5. Admit that the By-laws did not require Paxton, Telxon's Chief Executive Officer, to obtain the Board of Directors' approval in advance of fixing the salary for a "non-executive officer," as that phrase is defined in Article III, Section 3 of the By-laws, prior to July 25, 2000.

**Response:** See response to Request No. 3.

6. Admit that Telxon hired Crumpler as a vice president.

**Response:** Admitted that a document signed by Paxton referred to Crumpler as a vice president, but deny Paxton had the authority to hire her without Board approval.

7. Admit that Crumpler was employed by Telxon as a "non-executive officer," as that phrase is defined in Article III, Section 3 of the By-laws.

**Response:** Admitted that if Paxton had possessed the authority to hire Crumpler, she would have been a "non-executive officer" as defined in Article III, Section 3 of the By-Laws.

8. Admit that Paxton, as Telxon's Chief Executive Officer, had the authority to hire and fire "non-executive officers," as that phrase is defined in Article III, Section 3 of the By-laws, prior to July 25, 2000.

**Response:** Denied. Paxton had authority subject to the limitations and direction set by the Board and other requirements.

9. Admit that Paxton had the authority to negotiate the terms of the Pais Separation Agreement on behalf of Telxon.

**Response:** Admitted that Paxton had authority subject to the limitations and direction set by the Board and other requirements.

10. Admit that Paxton had the authority to sign the Pais Separation Agreement on behalf of Telxon.

**Response:** Objection. This request is vague as to the word "sign." Subject to and without waiving that objection, it is admitted that Paxton had authority subject to the limitations and direction set by the Board and other requirements.

11. Admit that Paxton was not required to obtain the Board of Directors' approval in advance of entering into the Pais Separation Agreement on behalf of Telxon.

**Response:** Admitted that Paxton had authority subject to the limitations and direction set by the Board and other requirements.

12. Admit that Paxton had the authority to sign the change in control agreement with Alex Csiszar dated June 8, 2000 and identified as Tel/Sym 000953-000957.

**Response:** Objection. This request is vague as to the term "sign." Subject to and without waiving that objection, it is admitted that Paxton had authority subject to the limitations and direction set by the Board and other requirements, including the terms of the change in control agreement itself.

13. Admit that Paxton had the authority to sign the change in control agreement with Tim Eusterman dated June 8, 2000 and identified as Tel/Sym 001026-001030.

**Response:** See response to request no. 12.

14. Admit that Paxton had the authority to sign the change in control agreement with Doug Froh dated June 8, 2000 and identified as Tel/Sym 001047-001051.

**Response:** See response to request no. 12.

15. Admit that Paxton had the authority to sign the change in control agreement with Gene Harmegnies dated June 8, 2000 and identified as Tel/Sym 001128-001132.

**Response:** See response to request no. 12.

16. Admit that Paxton had the authority to sign the change in control agreement with William Lawrence dated June 8, 2000 and identified as Tel/Sym 001165-001169.

**Response:** See response to request no. 12.

17. Admit that none of the following Telxon employees were "executive officers," as that phrase is defined in Article III, Section 1 of the By-laws:

   a) Alex Csiszar;

   b) Tim Eusterman;

   c) Doug Froh;

   d) Gene Harmegnies;

   e) William Lawrence

**Response:** Admitted.

18. Admit that Telxon does not have any written documents reflecting a limit on Paxton's authority to negotiate or enter into employment agreements with "non-executive officers," as that phrase is defined in Article III, Section 3 of the By-laws, prior to July 25, 2000.

**Response:** Denied.

## CERTIFICATE OF SERVICE

A copy of the foregoing was sent by first-class mail, postage prepaid, this 6th day of August, 2003, to:

>Robert A. McMahon, Esq.
>EBERLY MCMAHON HOCHSCHEID LLC
>3700 Eastern Avenue
>Cincinnati, OH  45226
>**Counsel for Plaintiff Hughette Crumpler**
>
>Michael A. Manzler, Esq.
>Deborah DeLong, Esq.
>DINSMORE & SHOHL LLP
>1900 Chemed Center
>255 East Fifth Street
>Cincinnati, OH  45202
>**Counsel for Third-Party Defendant John W. Paxton, Sr.**

_____
Counsel for Defendants Telxon Corporation
and Symbol Technologies, Inc.