IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**TELXON CORPORATION AND SYMBOL TECHNOLOGIES, INC.'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO STRIKE AND MOTION FOR SANCTIONS**

Plaintiff Hughette Crumpler ("Crumpler") and Third-Party Defendant John W. Paxton, Sr. ("Paxton") have directly and willfully violated a seal order issued by Judge David D. Dowd, Jr. of the Northern District of Ohio, Eastern Division.

This afternoon, Crumpler publicly filed (as "Exhibit B" to her Reply Memorandum) a "proposed" summary judgment order specifically placed under seal by Judge Dowd. Crumpler is not a party to that lawsuit and the sealed document was apparently provided to Crumpler by Paxton, in violation of Judge Dowd's seal order.

Symbol Technologies, Inc. ("Symbol") and Telxon Corporation ("Telxon") therefore respectfully move this Court to strike Crumpler's "Exhibit B" filed publicly in violation of Judge Dowd's order (and all references to "Exhibit B" in Crumpler's Reply Memorandum) and to sanction Paxton and Crumpler for their intentional violation of Judge Dowd's seal order.

### A.  Crumpler Publicly Filed A Sealed Document.

Crumpler's Reply Memorandum in Support of her Motion for Summary Judgment attaches three exhibits, A-C. "Exhibit B" is a "Proposed Memorandum and Opinion" from a separate case involving Paxton and Telxon in the Northern District of Ohio, Eastern Division, that Judge David D. Dowd, Jr. specifically ordered be filed *under seal* "since it is still only a proposed ruling." (*See* Exhibit A hereto, 10/8/03 Order Placing under seal a Proposed Memorandum Opinion ruling on Telxon's Motion for Summary Judgment, Case No. 5:01CV2356, hereinafter "Seal Order").[1]

Crumpler is not a party to that case. Therefore, Crumpler should not even have had "Exhibit B" in her possession. The proposed order must have been provided to Crumpler by Paxton in direct violation of Judge Dowd's Seal Order. Crumpler has now publicly filed this document, in further violation of Judge Dowd's Seal Order. Accordingly, "Exhibit B" should be stricken by this Court, as should all references to it in her Reply Memorandum. (*See e.g.,* Crumpler's Reply Mem. pg. 10-11, fn.28, 29.)

### B.  Crumpler and Paxton Must Be Sanctioned.

Crumpler and Paxton must be sanctioned for violating Judge Dowd's Seal Order. Paxton violated Judge Dowd's Order by providing the sealed proposed order to Crumpler. Crumpler

---

[1] As Judge Dowd's Order states, this matter has been set for oral argument on October 22, 2003 and is only a "proposed" order.

violated Judge Dowd's Order by taking possession of and publicly filing "Exhibit B" and referencing it in her Reply Memorandum. This Court should not tolerate this type of misconduct.

First, this Court should publicly reprimand Crumpler and Paxton. A district court has the inherent power to sanction a party for, among other things, a party's failure to comply with a court's order. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-50 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *Ray A. Scharer & Co. v. Plabell Prods., Inc.*, 858 F.2d 317, 320-21 (6th Cir. 1988); *Shimman v. Int'l Union of Operating Eng'rs, Local 18,* 744 F.2d 1226, 1230 (6th Cir. 1984) (en banc); *see also* 28 U.S.C. §1927 & Fed. R. Civ. P. 11.

Second, this Court should award Telxon and Symbol their attorneys fees and costs incurred in having to move to strike Crumpler's "Exhibit B." "Attorney's fees have been awarded pursuant to a court's inherent authority to sanction 'in the interest of justice' even in the absence of a specific finding of bad faith." *Ray A. Scharer & Co. v. Plabell Rubber Products, Inc.*, 858 F.2d 317, 320 (6th Cir. 1988), *citing Grinnell Brothers, Inc. v. Touche Ross & Co.*, 655 F.2d 725 (6th Cir. 1981). Accordingly, Telxon and Symbol respectfully request this Court to award attorneys fees and costs necessarily incurred by them because of Crumpler and Paxton's misconduct.

## CONCLUSION

A federal district court sealed a non-final "proposed order" in another case. Paxton's lawyers intentionally violated that court order by distributing the sealed document to Crumpler's lawyers. Crumpler's lawyers have now publicly filed this document, violating that Seal Order. This misconduct should not be tolerated. For these reasons, Telxon and Symbol respectfully request that this Court strike "Exhibit B" and any references thereto in Crumpler's Reply Memorandum, publicly reprimand Crumpler and Paxton, and award Telxon and Symbol their attorneys fees which they

necessarily incurred as a result of Crumpler's and Paxton's willful disregard of Judge Dowd's Seal Order.

                                              Respectfully submitted,

| | |
|---|---|
| |  /s/ Steven J. Miller |
| OF COUNSEL: | STEVEN J. MILLER (0014293) |
| GOODMAN WEISS MILLER LLP | JON J. PINNEY (0072761) |
| | 100 Erieview Plaza, 27th Floor |
| | Cleveland, OH 44114-1882 |
| | (ph.) 216-696-3366 • (fax) 216-363-5835 |
| | miller@goodmanweissmiller.com |
| | pinney@goodmanweissmiller.com |

                                              **Attorneys for Defendants/Third-Party Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2003, a copy of Telxon Corporation and Symbol Technologies, Inc.'s Memorandum in Support of Their Motion to Strike and Motion for Sanctions was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Steven J. Miller
STEVEN J. MILLER (0014293)