**Federal Criminal Defense**
Free Consultation - Avoid Jail
Federal Courts & Crimes

**Criminal Law Manhattan**
All Criminal Defense cases.
Get an online fee quote. Low Fees!

**Ohio Criminal Defense**
Aggressive Vehicular
Homicide Crime Defense.
Free Consult 24/7 Call Now

**Criminal Court Cases**
Access court records.
Uncover the real truth today!
Aff.

**Facing Indictment**
Closely held secret
lawyer won't tell yo
Offer



**LI Politics Message Board Forums**
> **Nassau County Issues**
> > Ex-Symbol (Ex Suozzi) Exec Guilty: Admits securities fraud

<< Prev Topic | Next Topic >>

| Author | Comment |
|---|---|
| **PERP WALK WATCH**<br>Unregistered User<br>(3/26/03 10:21 am)<br>Reply | **Ex-Symbol (Ex Suozzi) Exec Guilty: Admits securities fraud**<br><br>By Mark Harrington<br>Staff Writer<br><br>March 25, 2003, 8:49 PM EST<br>In the first sign that yearlong federal probes of Symbol Technologies Inc. are coming to a head, a former vice president Tuesday pleaded guilty to two criminal counts of securities fraud.<br><br>The former executive, Robert Asti, admitted in federal court in Central Islip that he and unnamed co-conspirators schemed to inflate the Holtsville bar code company's revenue and earnings between 1999 and 2001.<br><br>In a steady voice, Asti, 44, pleaded guilty to securities fraud and conspiracy to commit securities fraud, charges that carry a sentence of up to 15 years in jail and up to $500,000 in fines.<br><br>The government charges Asti and unnamed executives forced Symbol customers to take unwanted products and even paid clients to take extra orders. A sentencing date wasn't set and he was released on $500,000 bond.<br><br>"I knew what I was doing was wrong," Asti said. "Indeed, I resigned from Symbol rather than continue" the activities. The charges were brought by the U.S. attorney's office in Brooklyn, which negotiated a plea agreement.<br><br>Asti's attorney, Paul Shechtman of Manhattan, said his client is cooperating fully with dual federal probes of Symbol's accounting, by the Justice Department and the Securities and Exchange Commission. He is |

also negotiating to settle civil charges brought in a concurrent suit filed Tuesday by the SEC, Shechtman said.

The SEC suit says Asti, who left the company in March 2001, maintained a "running list of transactions that he considered to be improper and kept members of senior management informed about those transactions."

Eric Corngold, chief of the business and securities fraud unit of the U.S. attorney's office in Brooklyn, declined to say whether the company or others are being targeted in the probe, saying only, "Our investigation of this fraud is continuing."

Robert Clearly, former U.S. attorney from New Jersey, now a partner at Proskauer Rose LLP in Manhattan, said typically in such cases, the government is "looking to bring other people under indictment, and what they need is an insider who can be a narrator for what happened."

Most of the company's top management has been replaced in the past year.

Symbol chief executive Richard Bravman, who became president in February 2002 and chief executive the following July, in a statement released Tuesday said the action against Asti was "consistent with the investigations that have been under way by both the SEC and the Department of Justice, as well as our own investigation." Just last week Symbol said it discovered financial improprieties as recently as the fourth quarter ended in December. Symbol is expected to restate four years of financial results, including its most recent annual report, in June.

A spokesman for the New York Stock Exchange, which requires that listed companies file their annual reports within 120 days of the close of their fiscal year, said the NYSE "continues to monitor the facts and circumstances" of the case.

After a two-hour trading halt Tuesday, shares of Symbol closed up 3 cents to $9.48.

The government's case against Asti mirrors some charges filed in class-action lawsuits and in accounts in a series of stories in Newsday last year.

The suits charge that Asti and unnamed "high-ranking executives" rigged reported results by "fabricating over $100 million in sales revenue" during his tenure as vice president of the company's sales finance group.

Among numerous transactions, the suits say the company counted on a group of clients who would submit "sham" orders at the end of a quarter to help inflate revenue. They detail a fraudulent warehousing agreement with an unnamed South American distributor that placed multimillion-dollar orders for "whatever Symbol had available at the time," even though the distributor had no need for the products. The suit says Symbol never shipped the products to that distributor, but instead moved them to New York warehouses.

The complaints describe an environment of "significant pressure" within Symbol to maintain revenue levels that met or beat Wall Street's expectations. It portrayed Symbol as a "numbers driven" company whose key employees were "obsessed with meeting financial projections,"

including those of an unnamed president. It said Symbol's "lack of adequate internal controls exacerbated the situation."

His lawyer said Asti quit the company when the improprieties began to accumulate to a troubling level.

"He just couldn't do it anymore," Shechtman said. "He knew it was wrong at the time. He walked away and opened a bread route and delivered bread," rather than remain at the company. "He was not happy about it [the fraud] and let people know it."

Two people who know Asti corroborated that he took a bread route rather than remain at Symbol. Despite the guilty plea, one former co-worker said Asti had been among the most respected finance executives at Symbol during his tenure.

"I believe he's one of the most honest and ethical people I ever met," the former co-worker said. "It just shows how good people can get sucked into these things."

After the bread route, Asti served as purchasing director under Nassau County Executive Thomas Suozzi before departing for private industry.

Unclear from the suits is whether the company's pledge of cooperation will help it avoid civil or criminal charges in the case. Last week, the company acknowledged it and several former officials received Wells notices, which indicate an SEC staff recommendation to bring charges against a company.

"Unless there's close to near-perfect cooperation, the long-standing practices of the SEC has been to charge the company," said Ross Albert, a former SEC senior special counsel, now an attorney with Atlanta law firm Morris, Manning & Martin LLP.