IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **HUGHETTE CRUMPLER,** | : | Case No. C-1-02-131 |
| Plaintiff | : | Judge Susan J. Dlott |
| v. | : | |
| **TELXON CORPORATION, et al.,** | : | |
| Defendants, | : | **PLAINTIFF HUGHETTE CRUMPLER'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE AND FOR SANCTIONS** |
| v. | : | |
| **JOHN W. PAXTON, SR.,** | : | |
| Third-Party Defendant. | : | |

The Court should deny Telxon and Symbol's Motion to Strike and for Sanctions because: (1) Crumpler did not knowingly violate Judge Dowd's alleged Order placing the Proposed Memorandum and Opinion[1] under seal; (2) her attorney spoke with Judge Dowd's law clerk about the Proposed Memorandum and Opinion, and Judge Dowd's law clerk did not question Crumpler's possession of the Proposed Memorandum and Opinion or mention anything about the Proposed Memorandum and Opinion being sealed; and (3) to the extend Judge Dowd's Proposed Memorandum and Opinion is sealed or otherwise confidential, the Court should deny the requested relief and simply allow Crumpler to withdraw Exhibit B from the electronic record and file the same under seal.

On October 6, 2003, Judge Dowd entered a Proposed Memorandum and Opinion in which he *sua sponte* entered summary judgment in favor of Paxton on certain claims filed against him by Telxon in that separate action. The Proposed Memorandum and Opinion does not

---

[1] A copy of Judge Dowd's Proposed Memorandum and Opinion is attached as Exhibit B to Crumpler's Reply Memorandum in Support of her Motion for Summary Judgment.

provide that the order is confidential.  Until this morning (October 13, 2003), Crumpler's counsel had never even seen the order placing the Proposed Memorandum and Opinion under seal.  Contrary to the representation in their Memorandum in Support of their Motion to Strike and for Sanctions filed on October 10th, Telxon and Symbol did *not* attach the order purportedly sealing the Proposed Memorandum and Opinion as Exhibit A to their Memorandum.  Accordingly, after reviewing Telxon and Symbol's motion and memorandum on the morning of October 13th, Crumpler's counsel attempted to pull up the docket for the case before Judge Dowd in the Northern District of Ohio.  Although an order entered by Judge Dowd is referenced electronically, that order could not be accessed electronically and, therefore, Crumpler's counsel could not review the order.[2]

Moreover, Crumpler's attorney spoke with Judge Dowd's law clerk about the Proposed Memorandum and Opinion before she filed her reply brief.  During that conversation, counsel identified himself as an attorney in Cincinnati representing Crumpler in separate litigation involving Telxon and Symbol.  Counsel further advised the law clerk that he had a copy of the Proposed Memorandum and Opinion and that he intended to cite to Judge Dowd's order in a memorandum to be filed in this case.  Judge Dowd's law clerk somewhat explained why the order was entitled "*Proposed* Memorandum and Opinion" but never questioned why Crumpler's counsel had a copy of that order or said anything about the order being confidential or having been placed under seal.  Therefore, because Judge Dowd's analysis of certain issues was relevant to facts and legal issues before this Court, Crumpler cited to and attached the Proposed Memorandum and Opinion to her reply brief filed with this Court on October 10th.

---

[2] Crumpler's counsel did not receive a copy of Judge Dowd's order sealing the Proposed Memorandum and Opinion until this 10:00 a.m. this morning when Telxon and Symbol refiled their motion and memorandum and, for the first time, attached the order thereto as Exhibit A.

Telxon and Symbol do not even try to explain why the requested relief is appropriate in these circumstances. Judge Dowd did not find that any information in the Proposed Memorandum and Opinion is confidential. It appears that he sealed the Proposed Memorandum and Opinion simply because he it is a proposed ruling and he intended to entertain additional argument. That does not make the ruling confidential or any less persuasive in this case. Therefore, the appropriate remedy is to allow Crumpler to withdraw Exhibit B from the electronic record for this case and to file the same under seal. That is what Paxton apparently did, and Telxon and Symbol do not question his reliance upon or use of Judge Dowd's Proposed Memorandum and Opinion. Alternatively, Crumpler can withdraw Exhibit B from the record and simply cite to the copy of Judge Dowd's order that Paxton placed in the record under seal.[3]

Crumpler would have been willing to take this action on October 10th had Telxon and Symbol simply picked up the telephone, called her attorney and asked. Perhaps that would have been a more appropriate use of Telxon and Symbol's energies than preparing a motion to strike and for sanctions.[4]

Crumpler has no desire to violate Judge Dowd's order, or an order of any court. Even before her attorney saw Judge Dowd's order sealing the Proposed Memorandum and Opinion, he attempted to contact the Court this morning to remove Exhibit B from the public record. But, because today is a court holiday, counsel will contact the Court again on the morning of October 14, 2003 and, if the Court agrees that it is necessary, take the appropriate steps to remove Exhibit B from the public record.

---

[3] In fact, Crumpler attempted to contact the Court this morning to remove Exhibit B from the public record. But, in light of today being a court holiday, Crumpler will contact the Court on the morning of October 14, 2003 and, if the Court agrees that it is necessary, take the appropriate steps to remove Exhibit B from the public record.

[4] Telxon and Symbol's attorney previously complained that Paxton and Crumpler did not call before moving to strike Telxon and Symbol's 64-page response to their motions for summary judgment, and even represented that counsel "has done so in the past and will continue to do so." (Doc. 42) But counsel never called Crumpler's attorney or sent any letters or emails to discuss the current dispute.

3

Finally, sanctions are inappropriate in the admitted absence of any indication that Crumpler knowingly violated Judge Dowd's order. Crumpler's actions were more than reasonable given the fact that her counsel never saw any order placing the Proposed Memorandum and Opinion under seal until 10:00 a.m. this morning, Judge Dowd's law clerk never indicated that the Proposed Memorandum and Opinion was under seal, and Telxon and Symbol have not argued or explained how they were injured or why that order is confidential. Therefore, attaching the Proposed Memorandum and Opinion to her reply memorandum cannot possibly be a sanctionable offense.[5]

**WHEREFORE**, in light of the foregoing, Plaintiff Hughette Crumpler requests that the Court deny Telxon and Symbol's Motion to Strike and for Sanctions and allow Crumpler to withdraw Exhibit B to her Reply Memorandum in Support of her Motion for Summary Judgment.

Respectfully submitted,

**s/ Robert A. McMahon**
Robert A. McMahon Bar Number: 0064319
Attorney for Plaintiff Hughette Crumpler
Eberly McMahon Hochscheid LLC
3700 Eastern Avenue
Cincinnati, OH 45226
(513) 533-3441
(513) 533-3554 (fax)
E-mail: bmcmahon@emh-law.com

---

[5] Given the fact that Telxon and Symbol cannot allege that they suffered any harm—especially when they do not move to strike references to the Proposed Memorandum and Opinion from *Paxton's* reply memorandum—Crumpler suspects an ulterior motive underlying their current motion: namely that Telxon and Symbol had to accuse Crumpler of some wrongdoing after they were caught misrepresenting the evidentiary record and misleading the Court.

4

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2003, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Drew A. Carson and James A. Wertheim, Goodman Weiss Miller LLP 100 Erieview Plaza, 27th Floor, Cleveland, Ohio 44114-188, and Michael A. Manzler, Esq. and Deborah DeLong, Esq., Dinsmore & Shohl LLP, 1900 Chemed Center, 255 East Fifth Street, Cincinnati, Ohio 45202.

                                                  **s/ Robert A. McMahon**
                                                  Robert A. McMahon Bar Number: 0064319
                                                  Attorney for Plaintiff Hughette Crumpler
                                                  Eberly McMahon Hochscheid LLC
                                                  3700 Eastern Avenue
                                                  Cincinnati, OH  45226
                                                  (513) 533-3441
                                                  (513) 533-3554 (fax)
                                                  E-mail:  bmcmahon@emh-law.com