IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

**TELXON CORPORATION AND SYMBOL TECHNOLOGIES, INC.'S
REPLY MEMORANDUM IN FURTHER SUPPORT OF THEIR
MOTION TO STRIKE AND MOTION FOR SANCTIONS**

Telxon Corporation ("Telxon") and Symbol Technologies, Inc. ("Symbol") respectfully file this Reply Memorandum in further support of their Motion to Strike Crumpler's "Exhibit B" (a "Proposed Memorandum & Opinion" by Judge David D. Dowd, Jr. of the Northern District of Ohio, Eastern Division, that he filed under seal) *and any references thereto* in Crumpler's Reply Memorandum in support of her Motion for Summary Judgment.  Crumpler's "explanation" for her willful misconduct cannot withstand objective scrutiny.

### A. Crumpler's Stated Explanation Was Refuted By Judge Dowd's Law Clerk.

In her Memorandum in Opposition, Crumpler's attorney represents that he advised Judge Dowd's law clerk that he had a copy of Judge Dowd's Sealed Proposed Memorandum and Opinion and that the law clerk "did not question Crumpler's possession of the Proposed Memorandum and Opinion." (*See* Crumpler's Mem. in Opp. pgs. 2, 1.) Counsel for Telxon and Symbol contacted Judge Dowd's chambers and spoke to Mr. Charles Harris, the law clerk that Crumpler's counsel talked to about the Sealed Order. Mr. Harris advised Telxon and Symbol's counsel that Crumpler's counsel <u>never</u> informed him that he was in possession of Judge Dowd's Sealed Proposed Memorandum and Opinion. Mr. Harris further indicated that he assumed that Crumpler's counsel did <u>not</u> have a copy of Judge Dowd's Sealed Proposed Memorandum and Opinion since it was filed under seal by the Court and not available to the public.[1]

In addition, Crumpler's Memorandum in Opposition offers no explanation as to how she obtained the document in the first place. Telxon and Symbol stated in their Memorandum in Support that Paxton presumably provided the document to Crumpler in violation of Judge Dowd's Seal Order. *See* Mem. in Supp. pg. 1. Crumpler has not denied this statement and simply attempts to gloss over this point by improperly suggesting that responsibility somehow rests with Judge Dowd's law clerk. Crumpler's stated explanation is disingenuous and fails to shed any light on what really happened here, which is now clear. Paxton provided the sealed, non-final document to Crumpler

---

[1] Mr. Harris inquired about how Crumpler obtained the document and also commented that he certainly would have asked that question had Crumpler's counsel advised him he was in possession of the Sealed Order. Mr. Harris also inquired about how Crumpler's counsel obtained the document without the attached order placing it under seal. Mr. Harris pointed out that the Proposed Memorandum and Opinion was specifically filed as an appendix to the actual order placing it under seal. *See* Exhibit A to Telxon and Symbol's Mem. in Supp. Moreover, Mr. Harris also pointed out that the journal entry - the only available information to the public - specifically stated that the Proposed Memorandum and Opinion was filed under seal.

and both parties have placed it before the Court in an attempt to somehow influence this Court's thinking. In doing so, both parties violated the Seal Order of a federal judge and placed before this Court improper information as if it were proper evidence.

### B. Exhibit B Must Be Stricken Along With Any References To It In Crumpler's Reply Memoranda.

Crumpler alternatively proposes to the Court that she be permitted "to withdraw Exhibit B from the electronic record and file the same under seal."[2] *See* Crumpler's Mem. in Opp. pg. 1. That is only a partial remedy, so Crumpler's request is absurd. Crumpler never should have even had the document in her possession in the first place, pursuant to an order of a sister federal court. *See* Exhibit A to Telxon and Symbol's Mem. in Supp. Paxton and Crumpler have already violated Judge Dowd's Seal Order. Crumpler is now asking this Court to, in essence, condone their conduct by looking the other way. Moreover, Judge Dowd's order is a "Proposed Memorandum and Opinion" that Crumpler (nor Paxton) should not be permitted to cite in her papers since it is obviously non-final and sealed for the specific purpose of apprising counsel in that other case of the Judge's preliminary, non-binding thoughts. Granting Crumpler's proposed relief would completely undermine Judge Dowd's Seal Order and would be further prejudicial to Telxon and Symbol.

### C. Sanctions Are Warranted Against Crumpler and Paxton.

As Crumpler did not in any way explain to this Court how she obtained the sealed document and offered an explanation that has now been directly refuted by Judge Dowd's law clerk, Crumpler

---

[2] Crumpler states that "this is what Paxton apparently did, and Telxon and Symbol do not question his reliance upon or use of Judge Dowd's Proposed Memorandum and Opinion." *See* Crumpler's Mem. in Opp. pg. 3. Rest assured, Telxon and Symbol will be moving to strike Paxton's Reply Memorandum and any references to the Sealed Order therein. Paxton filed Judge Dowd's Order under seal, but quotes entire sections of the Order in his publicly filed brief and fails to not that the Order is "proposed" and non-final. *See* Paxton's Reply Mem. pg. 8. The fact that Paxton filed his Reply Memorandum two hours after Telxon moved to strike Crumpler's Reply Memorandum establishes that Paxton was clearly on notice and therefore knowingly violated Judge Dowd's Seal Order.

and Paxton's motives here are obvious. They will seek to taint this Court's thinking by improperly placing before it a non-binding, sealed document in violation of Judge Dowd's Seal Order. A reprimand and sanctions are clearly warranted.

## CONCLUSION

Crumpler (and Paxton) cannot be permitted to violate an order of a federal district court judge. Crumpler's "Exhibit B" must be stricken, and *Crumpler should be required to re-file her brief* without any references or citation to Judge Dowd's Proposed Memorandum and Opinion. Crumpler should also be reprimanded and Telxon and Symbol should be awarded sanctions in the form of attorneys fees and costs.

Respectfully submitted,

 /s/ Steven J. Miller

| | |
|---|---|
| OF COUNSEL: | STEVEN J. MILLER (0014293) |
| GOODMAN WEISS MILLER LLP | JAMES S. WERTHEIM (0029464) |
| | JON J. PINNEY (0072761) |
| | 100 Erieview Plaza, 27th Floor |
| | Cleveland, OH 44114-1882 |
| | (ph.) 216-696-3366 • (fax) 216-363-5835 |
| | miller@goodmanweissmiller.com |
| | pinney@goodmanweissmiller.com |

**Attorneys for Defendants/Third-Party Plaintiffs**

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2003, a copy of Telxon Corporation and Symbol Technologies, Inc.'s Reply Memorandum in Further Support of Their Motion to Strike and Motion for Sanctions was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/ Steven J. Miller  
      STEVEN J. MILLER (0014293)