Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: **summary w/3 judgment w/25 affidavit w/15 must or require! w/10 sign!** (Edit Search)

↵Select for FOCUS™ or Delivery

3 Fed. Appx. 429, *; 2001 U.S. App. LEXIS 2269, **

GHOLAM REZA ZAINALIAN, Plaintiff-Appellant, v. MEMPHIS BOARD OF EDUCATION, Defendant-Appellee.

No. 00-5629

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

3 Fed. Appx. 429; 2001 U.S. App. LEXIS 2269

February 5, 2001, Filed

**NOTICE:** [**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 2001 U.S. App. LEXIS 12783.

**PRIOR HISTORY:** Western District of Tennessee. 98-03015. Allen Sr. 4-10-00.

**DISPOSITION:** Affirmed.

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff, a Muslim from Iran, appealed from the grant of summary judgment to defendant school district in his employment discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. § 2000e et seq., from the United States District Court for the Western District of Tennessee.

**OVERVIEW:** Plaintiff alleged that he was not employed as a full-time teacher because he was Muslim and from Iran. The magistrate judge granted summary judgment to defendant for lack of evidence to support his claims. On appeal, the court affirmed. Plaintiff's affidavit did not comply with the requirements of 28 U.S.C.S. § 1746, and the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment. The elimination of the affidavit left absolutely no prima facie evidence of religious discrimination on the part of the defendant. The fact that plaintiff never obtained his Tennessee teacher's certification, standing alone, negated any chance plaintiff had of establishing a prima facie case of impermissible employment discrimination. Finally, his retaliation claim was not supported by any evidence of causation.

**OUTCOME:** Judgment affirmed because unsworn affidavit lacked force and effect for opposing summary judgment, the lack of a teaching certificate was enough, standing alone, to negate a claim of employment discrimination, and plaintiff presented no evidence of causation to prove retaliation.

**CORE TERMS:** prima facie case, retaliation, summary judgment, full-time, protected activity, evidentiary, assigned, employment discrimination, penalty of perjury, matter of law, qualifications, permanent employment, discriminated, notarized, teacher, ratings, sworn, hire

### LexisNexis (TM) HEADNOTES - Core Concepts - ◆ Hide Concepts

Civil Procedure > Summary Judgment > Summary Judgment Standard
Civil Procedure > Appeals > Standards of Review > De Novo Review
**HN1** The court reviews a district court's grant of summary judgment de novo. Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. More Like This Headnote

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
**HN2** A litigant may controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement that is subscribed by him as being true under penalty of perjury. 28 U.S.C.S. § 1746. More Like This Headnote

Civil Procedure > Summary Judgment > Supporting Papers & Affidavits
**HN3** Where neither verified the affidavit nor complaint are signed them under oath, nor signed under penalty of perjury pursuant to 28 U.S.C.S. § 1746, the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for summary judgment. More Like This Headnote

Labor & Employment Law > Discrimination > Disparate Treatment
**HN4** To succeed on a discrimination claim under Title VII of the Civil Rights Act of 1964 (Title VII, 42 U.S.C.S. § 2000e et seq.), a plaintiff must establish a prima facie case of intentional discrimination under the shifting burdens analysis set forth in McDonnell Douglas. A prima facie case of prohibited discrimination in the Title VII refusal-to-hire context consists of proving that: (1) plaintiff belongs to a protected group; (2) plaintiff applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications the plaintiff was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. More Like This Headnote

Labor & Employment Law > Discrimination > Retaliation
**HN5** In order to establish a prima facie case of retaliation, a plaintiff must show that: (1) he engaged in protected activity; (2) his employer knew of the protected activity; (3) he was subjected to an adverse employment action; and (4) a causal connection exists between the protected activity and the adverse employment action. More Like This Headnote

**COUNSEL:** GHOLAM REZA ZAINALIAN, Plaintiff - Appellant, Pro se, Memphis, TN.

For MEMPHIS BOARD OF EDUCATION, Defendant - Appellee: Ernest G. Kelly, Jr., Michael R. Marshall, Stokes, Bartholomew, Evans & Petree, Memphis, TN.

**JUDGES:** Before: NORRIS, SILER, and BRIGHT, * Circuit Judges.

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

**OPINION:** [*430] ORDER

This is an appeal from a summary judgment for the defendant in this employment

discrimination case filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that **[\*\*2]** oral argument is not needed. Fed. R. App. P. 34(a).

In 1998, Gholam Reza Zainalian filed a complaint against the Memphis City Schools, subsequently amended to the Memphis Board of Education, in which he alleged that he was the victim of employment discrimination based on his national origin, religion, and in retaliation for the earlier exercise of his rights. The parties agreed to vest final decision-making authority in a magistrate judge who eventually granted the defendant's motion for summary judgment.

*HN1* This court reviews a district court's grant of summary judgment de novo. *See, e.g., United Nat'l Ins. Co. v. SST Fitness Corp.*, 182 F.3d 447, 449 (6th Cir. 1999). Summary judgment is proper when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Rule 56(c), Fed. R. Civ. P.; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986), and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986). An examination of the record and law supports the district court's judgment in all respects.

The core of Zainalian's **[\*\*3]** complaint is that he was discriminated against by the Memphis Board of Education because he is a Muslim and from Iran. The evidence **[\*431]** of record shows that Zainalian applied for a full-time teaching position with the Memphis school system in September 1997, although he was not certified to teach in Tennessee under state law. Zainalian was assigned as a substitute teacher at four different schools while his application for full-time employment was under consideration. Zainalian received unsatisfactory ratings at his first assignment and that school's assistant principal requested that Zainalian not be reassigned there. Zainalian received mediocre ratings at his second school assignment and the assistant principal could not recommend him for permanent employment. Zainalian's performance was characterized as "above average" at his third assignment, but he left his fourth assignment prematurely after becoming "belligerent" over a scheduling mistake. The Memphis Board of Education eventually declined to hire Zainalian as a full-time teacher.

Zainalian's complaint had two claims for relief. First, Zainalian contended that the Memphis School Board did not hire him to a full-time position because **[\*\*4]** he is a Muslim and from Iran. In addition, Zainalian appended his Equal Employment Opportunity Commission charging document in which he claimed that he was being discriminated against "in retaliation for inquirying [sic] into the reason I have not been hired and a poor evaluation from Ridgeway High School." The Board eventually moved for summary judgment and supported this motion with evidentiary material. Zainalian submitted a few documents and an affidavit in opposition. The affidavit was neither notarized nor sworn.

The magistrate judge to whom the matter was assigned for a final decision concluded that Zainalian's affidavit was insufficient as a matter of law and, therefore, was only to be considered as an additional pleading. The magistrate judge then found that Zainalian had not made a prima facie case of discrimination and that, even if the Board's actions were to be examined on their merits, the Board had presented legitimate, nondiscriminatory reasons for not offering Zainalian permanent employment. Finally, the magistrate judge held that Zainalian failed to present a prima facie case of retaliation. On appeal, Zainalian takes issue with the decision in its entirety. **[\*\*5]**

The magistrate judge's characterization of Zainalian's affidavit is supported in law. Zainalian's affidavit was not notarized, although it contains an incomplete space for a notary's seal. *HN2* A litigant may nevertheless controvert sworn affidavits and place material facts into dispute by submitting an unsworn statement that is subscribed by him as being true under penalty of perjury. 28 U.S.C. § 1746. Zainalian's **affidavit,** however, did not comply with the

**requirements** of § 1746. *HN3* As Zainalian neither verified his **affidavit** nor complaint, **signed** them under oath, nor signed them under penalty of perjury pursuant to 28 U.S.C. § 1746, the facts averred to therein lacked the force and effect of an affidavit for purposes of responding to a motion for **summary judgment.** See *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).

The elimination of Zainalian's affidavit from the evidentiary material leaves absolutely no prima facie evidence of religious discrimination on the part of the Board. *HN4* To succeed on a Title VII discrimination claim, a plaintiff must establish a prima facie case of intentional discrimination under the shifting [**6] burdens analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973). A prima facie case of prohibited discrimination in the Title VII refusal-to-hire context consists of proving that: (1) plaintiff belongs to a protected [*432] group; (2) plaintiff applied for and was qualified for a job for which the employer was seeking applicants; (3) despite his qualifications the plaintiff was rejected; and (4) after his rejection, the position remained open and the employer continued to seek applicants from persons of the plaintiff's qualifications. *Id.* at 802.

The uncontradicted, properly admitted evidentiary material of record shows that Zainalian received average or substandard evaluations at three of the four substitute positions to which he was assigned and, most importantly, that Zainalian never obtained his Tennessee teacher's certification. This latter fact, standing alone, negates any chance Zainalian had of establishing a prima facie case of impermissible employment discrimination.

Finally, Zainalian's retaliation claim was properly disposed of by the district court. *HN5* In order to establish a prima facie [**7] case of retaliation, a plaintiff must show that: 1) he engaged in protected activity; 2) his employer knew of the protected activity; 3) he was subjected to an "adverse employment action"; and 4) a causal connection exists "between the protected activity and the adverse employment action." *Hafford v. Seidner*, 183 F.3d 506, 515 (6th Cir. 1999). Zainalian never supported the brief, conclusory retaliation statement in his EEOC claim with any evidence of causation or, in fact, that the Memphis Board of Education knew of any particular protected pre-EEOC activity. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Source: Legal > Cases - U.S. > All Courts - By Circuit > 6th Circuit - Federal & State Cases, Combined
Terms: **summary w/3 judgment w/25 affidavit w/15 must or require! w/10 sign!** (Edit Search)
View: Full
Date/Time: Thursday, October 9, 2003 - 4:59 PM EDT

* Signal Legend:
- ● - Warning: Negative treatment is indicated
- ⚠ - Caution: Possible negative treatment
- ◆ - Positive treatment is indicated
- Ⓐ - Citing Refs. With Analysis Available
- ⓘ - Citation information available
* Click on any *Shepard's* signal to *Shepardize®* that case.