

Login | Register
Register Now for Free ▸▸

Customer Support | Your Account & Subscriptions

LexisNexis™ Research for Small Firms
Forms
LexisNexis™ Bookstore
Headline Legal News
Balancing Life and Practice
New Attorneys
Legal Web Site Directory
LexisNexis™ CLE Center




# Free Case Law

## Case Law Full Display

**Source:** 6th Circuit Court of Appeals

**Search Terms:** 1746 w/25 notariz! or affidavit

**Viewing:** 1 of 31 Results
Previous | Next
Return to Search Results ▸▸
Compose a New Search ▸▸

Up

2003 U.S. App. LEXIS 5745,*;62 Fed. Appx. 575

UNITED STATES OF AMERICA, Plaintiff-Appellee, v. DONALD W. STRECK, Defendant-Appellant.

Nos. 01-6087, 01-6089

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

62 Fed. Appx. 575;2003 U.S. App. LEXIS 5745

March 20, 2003, Filed

**NOTICE:** [*1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE. 98-00008. Jarvis. 07-31-01.

**DISPOSITION:** Appeals DISMISSED.

**COUNSEL:** For UNITED STATES OF AMERICA, Plaintiff - Appellee (01-6087, 01-6089): Jimmie Baxter, Asst. U.S. Attorney, U.S. Attorney's Office, Knoxville, TN.

DONALD W. STRECK, Defendant - Appellant (01-6087, 01-6089), Pro se, Cumberland, MD.

For DONALD W. STRECK, Defendant - Appellant (01-6087, 01-6089): Bruce E. Poston, Knoxville, TN.

Shepar
citatior
$4.25

Get the
feature
this ca
▸▸

Run th
search
for $9.

Tell m
View a
these
service

LexisN
for Sm
lex

Your S
Resear
One Da

Exclusi
Membe
Case L
Codes:
One Da

Exclusi
Membe
State a
Case L
Codes:
One Da

**JUDGES:** BEFORE: NELSON, COLE, and GILMAN, Circuit Judges.

**OPINIONBY:** R. GUY COLE, JR.

**OPINION: BEFORE: NELSON, COLE, and GILMAN, Circuit Judges.**

**R. GUY COLE, JR., Circuit Judge.** In this consolidated appeal, Defendant-Appellant Donald W. Streck appeals the district court orders denying his motions for reconsideration of the denial of his motions to correct sentence after the Bureau of Prisons [*2] ("BOP") refused to give him credit for the time he served while awaiting sentencing on two separate charges of making false statements to a federally insured financial institution. During the time that Streck was incarcerated awaiting sentencing, he was also serving a term of imprisonment on a wire fraud conviction. Because he was currently serving another federal sentence, the BOP determined that he was not entitled to credit for the period of incarceration prior to the time of his sentence. Streck filed pro se motions with the district court seeking "clarification" of the court's judgments imposing his sentence. The district court denied the motions and subsequently denied motions to reconsider; Streck now appeals the denial of the latter motions.

For the reasons that follow, we **DISMISS** these appeals for lack of jurisdiction.

**I.**

On July 31, 2001, the district court denied Streck's motions for reconsideration. Federal Rule of Appellate Procedure 4(b)(1)(A) provides that a defendant's notice of appeal must be filed within ten days of the entry of the judgment or order being appealed. Accordingly, Streck had until August 10, 2001, to file his notices of appeal. The United [*3] States argues that we lack jurisdiction over these appeals because the district court's file indicates that Streck's notices of appeal were placed in the prison mail system on August 14, 2001. There is no authentication in the record, however, that allows us to rely on the government's assertion. But we do know that the notices were not actually filed in the district court until August 20, 2001.

According to the "mailbox rule," for a notice of appeal to be considered timely, an incarcerated individual need only deposit the notice of appeal in the institution's internal mail system on or before the deadline date. FED. R. APP. P. 4(c)(1). The record contains the notice of appeal that Streck filed, and it is dated August 7, 2001.

Additionally, however, Rule 4(c)(1) states: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. §

1746 or by a notarized statement, either of which must set forth the date of deposit and state that first class postage has been prepaid." The referenced statute, 28 U.S.C. § 1746, counsels that such a declaration must be in substantially the following form: "I declare (or certify, verify, or [*4] state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746. Streck's notices of appeal contained no such declaration and were not notarized. His handwritten certificates of service state only: "I hereby certify that I have sent a copy of this notice of appeal to [the U.S. Attorney's Office] via 1st class mail on 8/7/01."

When the parties to an appeal dispute whether this Court possesses jurisdiction, the party claiming that this Court does possess jurisdiction bears the burden of demonstrating that the jurisdictional prerequisites have been met. See Ohio Nat'l Life Ins. Co. v. United States, 922 F.2d 320, 324 (6th Cir. 1990) ("When jurisdictional facts are challenged, the party claiming jurisdiction bears the burden of demonstrating that the court has jurisdiction over the subject matter.").

Streck's notices of appeal were not notarized and did not comply with 28 U.S.C. § 1746. Streck bears the burden of demonstrating that jurisdiction exists, which requires a timely filing of a notice of appeal. Demonstrating the timely filing of a notice of appeal requires compliance [*5] with Rule 4. Because Streck did not comply with Rule 4, he did not show that his notices of appeal were timely filed, and therefore does not meet his burden of demonstrating that this Court possesses jurisdiction.

It is firmly established that the timely filing of a notice of appeal is mandatory and jurisdictional. See United States v. Robinson, 361 U.S. 220, 224, 4 L. Ed. 2d 259, 80 S. Ct. 282 (1960); FHC Equities, L.L.C. v MBL Life Assurance Corp., 188 F.3d 678, 681 (6th Cir. 1999); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir. 1987). Because Streck has not met his burden of demonstrating that this Court possesses jurisdiction, we are unable to rule on the merits of this case.

## II.

These appeals are therefore **DISMISSED** for lack of jurisdiction.

**Viewing: 1 of 31 Results**
Previous | Next
Return to Search Results
Compose a New Search
Back to Top

SEARCH lexisONE Site