IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

---

**TELXON CORPORATION AND SYMBOL TECHNOLOGIES, INC.'S
MEMORANDUM IN SUPPORT OF THEIR MOTION TO
STRIKE JOHN W. PAXTON, SR.'S "ATTACHMENT A"**

---

Telxon Corporation ("Telxon") and Symbol Technologies, Inc. ("Symbol") respectfully file this Memorandum in Support of their Motion to Strike John W. Paxton, Sr.'s ("Paxton") "Attachment A" (a "Proposed Memorandum and Opinion" by Judge David D. Dowd, Jr. of the Northern District of Ohio, Eastern Division, that he filed under seal) *and any references thereto* in Paxton's Reply Memorandum in support of his Motion for Summary Judgment. Paxton quotes the sealed Proposed Memorandum and Opinion in his publicly filed Reply Memorandum in direct violation of Judge Dowd's order placing the document under seal. *See* Exhibit A hereto, 10/8/03 Order Placing under

seal a Proposed Memorandum and Opinion ruling on Telxon's Motion for Summary Judgment, Case No. 5:01CV2356, hereinafter "Seal Order."

### A. Paxton's "Attachment A" And Any References Thereto In Paxton's Reply Memorandum Must Be Stricken.

Two hours after Telxon and Symbol moved to strike Plaintiff Hughette Crumpler's "Exhibit B" (Judge Dowd's same sealed "Proposed Memorandum and Opinion") to her Reply Memorandum, Paxton publicly filed his Reply Memorandum with direct quotes and statements therein from Judge Dowd's sealed Proposed Memorandum and Opinion.  *See* Paxton's Reply Mem. pg. 8.  In his Reply Memorandum, Paxton does not inform the Court that he is citing a "Proposed" order that is non-final and placed under seal by Judge Dowd.  *See* Paxton's Reply Mem. pg. 8.  In fact, Paxton portrays the Sealed Order as some type of binding precedent.  *See* Paxton's Reply Mem. pg. 8.  Paxton's quotation of the Sealed Order in a document that Paxton publicly filed clearly violates Judge Dowd's Seal Order.  *See* Exhibit A.  Moreover, Paxton's misleading citation of Judge Dowd's sealed Proposed Memorandum and Opinion is simply improper.  Paxton's "Attachment A" and any references thereto in Paxton's Reply Memorandum must be stricken.

### B. The Fact That Paxton Filed The Proposed Memorandum And Opinion Under Seal Is Meaningless.

The fact that Paxton filed the Proposed Memorandum and Opinion under seal with this Court is meaningless for several reasons.  First, filing the document in this case - whether under seal or not - provides Crumpler access to it in direct violation of Judge Dowd's Seal Order.  Crumpler is not a party to the case before Judge Dowd and should never have even been provided the document in the first place.  Second, Paxton quotes at length the sealed Proposed Memorandum and Opinion in his publicly filed Reply Memorandum, rendering meaningless the cursory gesture of filing it under seal.

Third, Paxton has already distributed the document to Crumpler in direct violation of the Seal Order, who then publicly filed the same. Accordingly, in order to uphold Judge Dowd's Seal Order and avoid further prejudice to Telxon and Symbol, Paxton's "Attachment A" must be stricken along with any references thereto in his Reply Memorandum.

### C.  Paxton Must Be Sanctioned.

Paxton must be sanctioned for violating Judge Dowd's Seal Order. Paxton violated Judge Dowd's Order by providing the sealed Proposed Memorandum and Opinion to Crumpler. Crumpler then violated Judge Dowd's Order by publicly filing it and referencing it in her Reply Memorandum (which was also publicly filed). After Telxon and Symbol already moved to strike Crumpler's "Exhibit B," Paxton publicly filed his Reply Memorandum that quotes at length the sealed Proposed Memorandum and Opinion. Paxton was undoubtedly on notice by virtue of Telxon and Symbol's filing, but instead chose to disregard Judge Dowd's Order. This conduct should not be tolerated.

First, this Court should publicly reprimand Paxton. A district court has the inherent power to sanction a party for, among other things, a party's failure to comply with a court's order. *See Chambers v. Nasco, Inc.*, 501 U.S. 32, 43-50 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *Ray A. Scharer & Co. v. Plabell Prods., Inc.*, 858 F.2d 317, 320-21 (6th Cir. 1988); *Shimman v. Int'l Union of Operating Eng'rs, Local 18,* 744 F.2d 1226, 1230 (6th Cir. 1984) (en banc); *see also* 28 U.S.C. §1927 & Fed. R. Civ. P. 11.

Second, this Court should award Telxon and Symbol their attorneys fees and costs incurred in having to move to strike Paxton's "Attachment A." Attorney's fees have been awarded pursuant to a court's inherent authority to sanction 'in the interest of justice' even in the absence of a specific finding of bad faith." *Ray A. Scharer & Co. v. Plabell Rubber Products, Inc.*, 858 F.2d 317, 320 (6th

Cir. 1988), *citing Grinnell Brothers, Inc. v. Touche Ross & Co.*, 655 F.2d 725 (6th Cir. 1981). Accordingly, Telxon and Symbol respectfully request this Court to award attorneys fees and costs necessarily incurred by them because of Paxton's misconduct.

## CONCLUSION

A federal district court sealed a non-final "proposed order" in another case. Paxton's lawyers intentionally violated that court order by distributing the sealed document to Crumpler's lawyers. Crumpler's lawyers have now publicly filed this document, violating that Seal Order. Paxton once again violated the Seal Order by openly quoting the document in his publicly filed Reply Memorandum, rendering meaningless the cursory gesture of filing it under seal. This misconduct should not be tolerated. For these reasons, Telxon and Symbol respectfully request that this Court strike "Attachment A" and any references thereto in Paxton's Reply Memorandum, publicly reprimand Paxton (and Crumpler), and award Telxon and Symbol their attorneys fees which they necessarily incurred as a result of Paxton's willful disregard of Judge Dowd's Seal Order.

Respectfully submitted,

OF COUNSEL:

GOODMAN WEISS MILLER LLP

 /s/ Steven J. Miller
STEVEN J. MILLER (0014293)
JON J. PINNEY (0072761)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
miller@goodmanweissmiller.com
pinney@goodmanweissmiller.com

**Attorneys for Defendants/Third-Party Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2003, a copy of Telxon Corporation and Symbol Technologies, Inc.'s Memorandum in Support of Their Motion to Strike John W. Paxton, Sr.'s "Attachment A" was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

    /s/ Steven J. Miller
STEVEN J. MILLER (0014293)