UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | : | Case No. C-1-02-131 |
| | : | |
| Plaintiff, | : | (Judge Susan J. Dlott) |
| | : | |
| v. | : | |
| | : | |
| TELXON CORPORATION, et al., | : | **THIRD-PARTY DEFENDANT** |
| | : | **JOHN W. PAXTON, SR.'S (1)** |
| Defendants/Third-Party Plaintiffs, | : | **MEMORANDUM IN OPPOSITION** |
| | : | **TO TELXON CORPORATION'S** |
| v. | : | **AND SYMBOL TECHNOLOGIES,** |
| | : | **INC.'S MOTION TO STRIKE** |
| JOHN W. PAXTON, SR., | : | **PAXTON'S "ATTACHMENT A"** |
| | : | **AND (2) MOTION FOR AWARD OF** |
| Third-Party Defendant. | : | **ATTORNEYS' FEES AND COSTS** |
| | : | |

## I.    INTRODUCTION

On October 17, 2003, Third-Party Plaintiffs Telxon Corporation ("Telxon") and Symbol Technologies, Inc. ("Symbol") filed a "Motion to Strike John W. Paxton, Sr.'s Attachment A." (Doc. 57)  Telxon and Symbol feign outrage over the fact that Paxton filed, *under seal* and as a separate attachment to his October 10, 2003, Reply Brief in Support of his Motion for Summary Judgment (Doc. 52), a "Proposed Memorandum Opinion" issued by U.S. District Court Judge David D. Dowd, Jr. of the Northern District of Ohio in other litigation between Telxon and Paxton.  Rather than simply picking up the phone or sending an e-mail, Telxon and Symbol have launched this unnecessary and meritless attack despite the fact that Telxon and Symbol are unable to articulate -- and indeed, do not even try to explain -- how they have been harmed in any way by Paxton's filing of the document under seal and/or his brief references to certain legal principles set forth therein that are directly relevant to the case at bar.  Nor did Telxon and Symbol point to anything contained in the proposed opinion that is even remotely confidential.

It thus appears that the real reason Telxon and Symbol filed their motion was not because Paxton did anything improper, but rather (a) to harass and inflict additional litigation costs upon Paxton and (b) because the legal principles cited in the opinion properly helped expose Telxon's and Symbol's opposition to Paxton's summary judgment motion as legally unfounded.

Paxton had absolutely no desire or intention to violate any order of the Northern District of Ohio or any other court. That is precisely why, after learning at the last minute that Judge Dowd's opinion had been filed under seal, Paxton likewise took care to file the document under seal with this Court. Nevertheless, consistent with their now familiar pattern of making false assertions unsupported by any actual evidence, Telxon and Symbol baldly assert that by doing so, Paxton "violated an order by [a] Federal Judge." Paxton has done no such thing. Also conspicuously lacking from Telxon's and Symbol's Motion to Strike is any allegation that Telxon or Symbol suffered any harm from Paxton's supposedly improper alleged actions. Even if their accusations were true, therefore, Telxon and Symbol are without standing to claim entitlement to any "sanctions" against Paxton. Nor did Telxon and Symbol make any effort to resolve this issue before rushing to burden Paxton (and the Court) with yet another ultimately pointless motion. In any event, as the Court already has ruled with respect to Telxon's and Symbol's similarly harassing motion against Plaintiff Hughette Crumpler, the underlying issue is now moot because the document in question has been removed from the docket.

For these and the other reasons set forth below, Third-Party Defendant John W. Paxton, Sr. respectfully submits that the Motion to Strike should be denied. Paxton also moves that the Court order Telxon and Symbol to reimburse Paxton for his attorneys' fees and costs incurred in responding to their unwarranted and entirely unnecessary motion.

## II.    STATEMENT OF FACTS

Paxton filed a Motion for Summary Judgment on (1) all claims by Telxon and Symbol against him and (2) his Counterclaims against Telxon and Symbol on August 1, 2003.  (Doc. 32) Telxon and Symbol opposed the motion (Doc. 45), and Paxton filed a Reply Brief in support of summary judgment on October 10, 2003.  (Doc. 52)

In opposing summary judgment, one of the arguments Telxon and Symbol strenuously tried to manufacture was that Paxton's authority as CEO and Chairman of the Board of Telxon was so limited by the requirements of alleged unwritten "practices and policies" of Telxon that he "lacked authority" to hire or otherwise compensate Crumpler.  Telxon and Symbol have persisted in attempting to create the illusion of such limitations despite not only a complete lack of admissible record evidence supporting their after-the-fact argument, but in the face of explicit, written provisions of Telxon's governing By-Laws squarely refuting any such requirements.

In the course of exposing Telxon's and Symbol's bogus argument that Paxton lacked authority to hire and compensate Crumpler, Paxton's Reply Brief not only pointed the Court to the actual record facts showing that he had authority to Crumpler, but also raised the point that, even if the alleged "practices" (of a subcommittee of the Board of Directors) had actually existed, such practices could not, as a matter of law, override the controlling provisions of Telxon's written By-Laws and Certificate of Incorporation.  (Reply Brief at 7-10)  In support of that legal conclusion, Paxton cited, *inter alia*, a "Proposed Memorandum Opinion" issued by Judge Dowd just days earlier in the <u>Telxon v. Paxton</u> litigation in the Northern District of Ohio (Case No. 5:01-CV-2356), which had ruled upon a similar, legally analogous issue.  (Reply Brief at 8)  Paxton quoted the relevant portions of two sentences from Judge Dowd's proposed opinion (a total of 37 words) and also, because it was unpublished, included it as "Attachment A."

Because Judge Dowd's opinion had been filed under seal, however -- a fact that Paxton's counsel discovered only hours before filing the brief -- Paxton was careful to likewise manually file Attachment A *under seal*, and did not include it with his electronically-filed Reply Brief and other attachments.  A *week later*, Telxon and Symbol filed their Motion to Strike.

### III.    ARGUMENT

#### A.    Telxon's And Symbol's Motion Should Be Denied As Moot.

As the Court held in its Order of October 27, 2003 (Doc. 59) denying Telxon's and Symbol's similar Motion to Strike (Docs. 51 and 53) directed at Plaintiff Crumpler's filing of the same document, the issue of the filing of Judge Dowd's "Proposed Memorandum Order" is now moot because the Court has already "removed the document in question from the docket of this case and directed the Clerk of this Court to seal said document."  The motion that Telxon and Symbol filed against Paxton, moreover, was moot from the outset because Paxton originally filed the opinion under seal and at no time distributed it publicly.  The Court should likewise deny as moot Telxon's and Symbol's duplicative and unnecessary motion filed against Paxton.

#### B.    Paxton Did Not Violate Judge Dowd's Order, Willfully Or Otherwise.

Undeterred in their quest to inflict maximum litigation expenses upon Paxton by his obvious good faith -- taking care to file the document at issue under seal in the first place -- Telxon and Symbol resort to arguing that Paxton willfully violated an order by Judge Dowd merely by quoting portions of two sentences from the 13-page opinion (which, in Telxon's and Symbol's book, apparently constitutes quotation "at length").[1]  (Memo. in Supp. of Motion to Strike at 2, 3)  Their exaggerated and unreasonable accusations should be rejected.

---

[1]    In footnote 2 of another pleading filed on October 17, 2003 (Doc. 55), Telxon and Symbol falsely misrepresent to the Court that Paxton "quotes *entire sections* of the Order in his publicly filed brief . . ." (emphasis added).

Telxon and Symbol offer no substantive argument as to why Paxton's short reference to what are obviously relevant legal principles articulated in Judge Dowd's opinion rises to the level of a sanctionable offense, but simply assert that it "clearly" is so. While Paxton does not intend to disrespect or minimize the authority of the federal courts in any way, he must point out that Judge Dowd's order did not prohibit Paxton from filing a copy of the Proposed Memorandum Opinion *under seal* in another federal district court, but simply directed the Clerk for the Northern District of Ohio to "place the Appendix under seal, since it is still only a proposed ruling." (*See* Attachment A to Telxon/Symbol Motion to Strike)  As stated, the basis for placing the opinion under seal was simply because it was a proposed opinion and Judge Dowd intended to entertain additional argument, not because there was anything contained therein that was confidential or would be damaging to Telxon and Symbol if it became public.

Tellingly, Telxon and Symbol remain unable to claim that the brief excerpts quoted by Paxton constituted sensitive information or damaged them in any way (other than upon the substantive merits of the legal issue for which the specific portions of the opinion were cited). Nevertheless, had Telxon and Symbol truly been more concerned about disclosure of the brief portions of Judge Dowd's opinion that Paxton quoted than about inflicting litigation expenses upon Paxton, they simply could have called Paxton's counsel, the same day the Reply Brief was filed, and asked that the entire Reply Brief be placed under seal as well -- an option to which Paxton would have had no objection -- rather than waiting a week and filing a motion.

Telxon's and Symbol's assertion that Paxton acted improperly is further undermined, moreover, by the fact that, in opposing summary judgment in this matter, Telxon and Symbol extensively referred to and quoted from documents in the record -- as well as depositions which referred to, quoted from or contained as exhibits such documents -- that they initially made a big

fuss about designating as "confidential" and refused to produce prior to securing a Protective Order (even though such documents likewise contained no information of a genuinely confidential nature). If Paxton's act of merely quoting 37 words from a couple of sentences of a 13 page document constituted a "violation" of a seal order, then Telxon and Symbol have far more extensively violated the Protective Order that the Court approved in this case. (Doc. 27)[2]

In any event, should the Court nevertheless conclude that Paxton erred in quoting in his Reply Brief relevant legal principles from Judge Dowd's proposed opinion without filing the brief under seal, Paxton has no objection to the Court placing the entire Reply Brief under seal -- an easy, reasonable resolution of this issue to which Paxton would have been perfectly willing to agree had counsel for Telxon and Symbol simply contacted his counsel in the first place.

     **C.**     **Paxton Cited The Proposed Opinion Not For Purposes Of Asserting Issue Or Claim Preclusion, Nor As "Evidence," But Because It Reflected, In A Highly Analogous Situation, Legal Principles Directly <u>Relevant To A Legal Issue Before The Court In The Case At Bar.</u>**

Telxon and Symbol baselessly accuse Paxton of "portray[ing] the Sealed Order as some type of binding precedent." (Memo. in Supp. of Motion to Strike at 2) How? In what way? Telxon and Symbol do not say. The reality is that Paxton simply cited to the proposed opinion as an excellent example of the relevant legal principle under discussion: the principle that a corporation cannot simply invent a vague, unwritten "practice and policy" of a committee -- a practice that conflicts with the corporation's written By-Laws and, even if it had existed, would have been void under the company's Certificate of Incorporation -- and successfully claim that this "practice" created limitations on the authority of the CEO as defined in the By-Laws.

---

[2]   Incidentally, this conduct also confirms what Paxton suspected when Telxon and Symbol first insisted upon such an overbroad protective order, that Telxon and Symbol were more concerned with using a protective order as a "sword" to inconvenience Paxton and Crumpler than a "shield" to protect legitimately confidential materials such as trade secrets or other business proprietary information.

Paxton never suggested that Judge Dowd's opinion constituted *res judicata* or collateral estoppel (issue or claim preclusion) in this case, or otherwise was "binding precedent" (it is not a published Supreme Court or Sixth Circuit decision, obviously), but simply that it aptly highlighted, in a precisely analogous situation, one of the same legal principles that warrants summary judgment as a matter of law in the case at bar. Clearly, given Telxon's and Symbol's overreaction to Paxton's reference to this relevant legal principle (no less than *five* briefs, so far: Docs. 51, 53, 55, 57 and 58), it hit home. Regardless of whether Judge Dowd filed the proposed opinion under seal, and regardless of it now being withdrawn, Paxton respectfully submits that the Court should not lose sight of the fact that the legal principles cited in the opinion remain directly relevant to and dispositive of Symbol's baseless challenge to Paxton's authority.

In another brief relating to the same document, filed on October 17, 2003 (Doc. 55), Telxon and Symbol similarly labeled Paxton's (and Crumpler's) filing of Judge Dowd's proposed opinion as an attempt "to somehow influence this Court's thinking" and "to taint this Court's thinking by improperly placing before it a non-binding, sealed document . . . ." (Id. at 3, 4) Yes, Paxton freely admits that he was attempting to "influence" the Court's decision -- not by improper "tainting," however, but by quite properly point the Court to legal principles clearly relevant to the legal determinations to be made in this matter. There was nothing willfully improper or sanctionable about Paxton's actions in this regard; again, at most, the solution is to place Paxton's entire Reply Brief under seal. [3]

---

[3]    In that same brief, Telxon and Symbol either misunderstood or misrepresented Paxton's submission of the opinion as "plac[ing] before this Court improper information as if it were proper evidence." (Id. at 3) Of course, Judge Dowd's proposed opinion is not "evidence" in this matter, nor did Paxton ever claim or imply that it was. Rather, as noted above, Paxton cited the opinion solely for its reflection of a specific legal principle that Paxton respectfully submits directly applies to the case at bar.

**D.**    **Sanctions Against Paxton Are Not Appropriate; To The Contrary, Telxon And Symbol Should Be Ordered To Pay Paxton's Attorneys' Fees And Costs Incurred In Having To Respond To Their Harassing And Completely Unnecessary Motion To Strike.**

Finally, Telxon and Symbol repeatedly, though without any evidentiary support, claim that Paxton acted improperly by "distributing" the document at issue to Crumpler.  First, if Telxon and Symbol want to argue that Paxton willfully violated an order by Judge Dowd, such allegations should more appropriately be raised before Judge Dowd, not this Court.  With no disrespect to this Court intended, since it is Judge Dowd's order that was supposedly violated, he would seem to be the one who should address such allegations (if he were to believe that the matter is significant enough to warrant his court's attention and resources).  Absent evidentiary support for the speculative conclusions of Telxon's and Symbol's counsel, however, there is no basis for this Court to find that Paxton acted improperly.

In fact, the issue *has* been brought to Judge Dowd's attention, and there is no indication that he found sanctions to be warranted.  In Telxon's and Symbol's October 23, 2003, submission to this Court (Doc. 58, their *fifth* brief on this subject), Telxon and Symbol aptly represent that they have "burden[ed] two separate federal district court judges" with their allegations.  (Doc. 58 at 2)  Without explanation, Telxon and Symbol then proceed to assert that Judge Dowd's October 22, 2003 Order (Attachment A to Doc. 58) "confirms . . . that sanctions are warranted."  (Doc. 58 at 2)  Actually, it reflects the just opposite, however, because the Order does *not* impose sanctions.  And if Judge Dowd had made a finding of wrongdoing by Paxton in any other order, Telxon and Symbol surely would have reported it to this Court immediately).[4]

---

[4]    Judge Dowd's October 22 Order simply vacated the Proposed Memorandum Opinion pending additional briefing and stated that the now-vacated opinion "shall not be distributed to anyone."  (Id.)  This Order was issued well after Paxton filed his Reply Brief and Attachment A on October 10th.  But even if its explicit prohibition had been in effect at that time, the attorney-client privileged sharing of a court's proposed opinion between various

Second, as touched upon above, Telxon and Symbol have not even alleged, let alone shown, that they have suffered any *damages* as a result of Paxton's supposedly improper conduct.  Telxon and Symbol claim that Paxton's filed-under-seal Attachment A, and the brief quotations therefrom in the text of his Reply Brief, should be stricken in order to "avoid *further* prejudice to Telxon and Symbol."  (Memo. in Supp. of Motion to Strike at 3) (emphasis added) Telxon and Symbol are unable, however, to offer any explanation as to how they have been "prejudiced" in the first place.  For example, there are no trade secrets, proprietary data, or any other type of business sensitive information revealed in Judge Dowd's opinion -- let alone in the brief portions Paxton has cited -- that could even remotely be considered "confidential."  Nor has Telxon suffered any detriment in the proceeding in the Northern District of Ohio.  In truth, the only "prejudice" to Telxon and Symbol comes not from the filing of or quotation from Judge Dowd's opinion, but from the force of the underlying legal principles set forth therein and cited by Paxton as one of many bases for entering summary judgment as a matter of law here.  It is undoubtedly this "prejudice" -- exposing their opposition to summary judgment as legally groundless -- that has so riled Telxon and Symbol.

Telxon's and Symbol's request for an award of their attorneys' fees and costs "*necessarily* incurred" in "*having* to move to strike Paxton's Attachment A" (Memo. in Supp. of Motion to Strike at 3-4) (emphasis added) should likewise be denied, not only for all the reasons set forth above, but also for the simple reason that they did *not* "have to" make such a motion in at all.  Paxton filed his Attachment A under seal.  To the extent that Telxon and Symbol truly

---

counsel for Paxton, and with counsel with whom Paxton and his counsel have a joint defense arrangement, would not constitute a violation of the order.  Again, while the miscommunication and lack of timely information which resulted in Judge Dowd's proposed opinion being filed with this Court not under seal (for a brief period of time) is regrettable, the fact remains that Judge Dowd's October 22 order does not, contrary to Telxon's and Symbol's claims, reflect any judicial finding that Paxton engaged in sanctionable conduct, nor reflect a basis for this Court to so find either.

believed that Paxton's brief quotations from and/or references to the opinion were improper, they could have simply called Paxton's counsel and/or the Court and asked that Paxton's Reply Brief also be placed under seal (an option, incidentally, that is still available). This entire episode has been an *un*necessary waste of Paxton's and the Court's time, money and resources. For this reason, rather than rewarding Telxon's and Symbol's overreaction to and overlitigation of a minor, easily resolvable issue by awarding them attorneys' fees, the Court should deter such behavior by awarding Paxton his attorneys' fees and costs incurred in having to respond to Telxon's and Symbol's harassing and litigious conduct.

## IV.   CONCLUSION

For the reasons set forth above, Third-Party Defendant John W. Paxton, Sr. respectfully submits that Telxon's and Symbol's Motion to Strike should be denied and that Telxon and Symbol should be ordered to pay Paxton's attorneys' fees and costs incurred in responding to their moot, meritless and unnecessary motion.

Respectfully submitted,

 /s/ Michael A. Manzler
Michael A. Manzler  (0059968)
Dinsmore & Shohl LLP
1900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio  45202
(513) 977-8693
michael.manzler@dinslaw.com

Trial Attorney for Third-Party Defendant
   John W. Paxton, Sr.

10

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Memorandum in Opposition was filed with the Court electronically on November 7, 2003.  Notice of this filing will be sent to Steven J. Miller, James S. Wertheim and John J. Pinney, Attorneys for Defendants/Third-Party Plaintiffs, and to Robert A. McMahon, Attorney for Plaintiff, by operation of the Court's electronic filing system, and parties may access this filing through the Court's system.


   /s/ Michael A. Manzler_____
   Michael A. Manzler (0059968)


#958307