IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | RESPONSES TO THIRD-PARTY |
| Defendants/Third-Party | ) | DEFENDANT JOHN W. PAXTON, |
| Plaintiffs, | ) | SR.'S FIRST SET OF |
| | ) | INTERROGATORIES TO TELXON |
| vs. | ) | CORPORATION AND SYMBOL |
| | ) | TECHNOLOGIES, INC. |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Defendants, Telxon Corporation and Symbol Technologies, Inc. (collectively, "Defendants"), for their Responses to Third-Party Defendant, John W. Paxton, Sr.'s ("Paxton"), First Set of Interrogatories, object and respond as follows:

## GENERAL OBJECTIONS

1. Defendants will give undefined words contained in the Interrogatories their commonly-accepted meanings and respond to the Interrogatories on that basis pursuant to the Federal Rules of Civil Procedure.

2. Defendants object to the Interrogatories to the extent that they fail to comply with, or seek to alter, the rights and obligations imposed by the Federal Rules of Civil

**Exhibit E**

Procedure, the Local Rules of this Court, or any Orders of this Court. Defendants state that it will respond and/or specifically object to the Interrogatories pursuant to the Federal Rules of Civil Procedure and not pursuant to Paxton's characterization of those rules.

3. Defendants object to the Interrogatories to the extent that they seek information protected by the attorney-client privilege or the attorney work product doctrine, or any other applicable privilege. Defendants will not respond to such Interrogatories or those portions of the Interrogatories that seek such information. Inadvertent disclosure of any such information shall not constitute a waiver of any privilege or work product claim, nor shall such inadvertent disclosure waive Defendants' right to object to the use of any information contained therein during this action or in any other proceeding.

4. Defendants object to the definition of Telxon and Symbol to include any entities or persons other than Telxon Corporation and Symbol Technologies, Inc. and their officers and employees.

The following responses are subject to the General Objections stated. Specific objections supplement the General Objections already stated:

**INTERROGATORY NO. 1.** (a) Identify each person known or believed to have knowledge regarding any of the allegations contained in any paragraph of Plaintiff Hughette Crumpler's Complaint against Telxon and Symbol, the Third-Party Complaint against Paxton or Paxton's Amended Counterclaim; (b) describe, with respect to each such person, the knowledge possessed or believed to be possessed by each such individual, and (c) state whether that

person has provided a written or oral statement to Third-Party Plaintiffs, including to their counsel.

**RESPONSE:**

Objection: Subpart (c) is not reasonably calculated to lead to the discovery of admissible information. The information requested is protected by the work product doctrine and the attorney-client privilege. Subject to and without waiving the foregoing objections, Defendants state: (a) John W. Paxton, Sr., Hughette Crumpler, Beth Staples, Robert Bradshaw, Margaret E. Pais, Tomo Razmilovic, Cecile Hickman, and Lisa McManis; (b) John W. Paxton, Sr.: Either has or is believed to have knowledge about when and if the alleged agreements with Hughette Crumpler were signed, what actions or approvals were required to make such agreements valid and binding, and the failure to pursue or obtain those required actions or approvals; Hughette Crumpler: See above; Beth Staples: Either has or is believed to have knowledge about when the alleged agreements were signed and whether they were authorized; Robert Bradshaw: Has knowledge about the payments made to Crumpler by Symbol, Paxton's representations to Tomo Razmilovic during meetings in which Crumpler's various alleged agreements were discussed, and whether appropriate disclosures were made during due diligence regarding Crumpler's alleged agreements; Margaret E. Pais: Has knowledge about when Crumpler was allegedly employed, whether Crumpler had an authorized Change in Control agreement, and disclosures made to Symbol regarding employees with employment agreements and change in control agreements; Tomo Razmilovic: Has knowledge about Paxton's statements during various meetings regarding whether Crumpler's alleged Change in Control agreement and the amendment thereto were

3

disclosed to Symbol and authorized; Cecile Hickman: Has knowledge about Crumpler's alleged Relocation Agreement, Telxon's relocation policy, and the fact that Crumpler did not relocate; Lisa McManis: Has knowledge about when Crumpler was allegedly hired.

(c) Objection: Subsection (c) of Interrogatory No. 1 is not reasonably calculated to lead to the discovery of admissible information. The information requested is protected by the work product doctrine and the attorney-client privilege.

**INTERROGATORY NO. 2.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in paragraph 7 of the Third-Party Complaint that: (a) Paxton "fabricated" a consulting agreement with Hughette Crumpler; (b) it was "clear" that Telxon would be sold to Symbol at the time Paxton hired Crumpler as a Telxon employee; (c) Paxton "backdated" Crumpler's Offer Letter; (d) Paxton "made" Crumpler eligible for stock options and "advanc[ed] [Crumpler] up the list of employees waiting to obtain options from the limited option pool; (e) Paxton "backdated" Crumpler's Change in Control Agreement and/or the Amendment thereto; and (f) Paxton required "approval" from Symbol and/or Telxon's Board of Directors to engage in any or all of the above (alleged) actions.

**RESPONSE:**

Objection: The allegations of the Third-Party Complaint speak for themselves. Defendants object to Paxton's recharacterization of the allegations. Subject to and without waiving the foregoing objections, Defendants, for their Response, state: (a) Paxton paid Crumpler $2,000 per day, plus all expenses, to perform non-specialized human resource functions. Telxon's Board of Director's never approved this engagement, which was

4

unprecedented in nature; (b) Symbol and Telxon engaged in initial discussions and negotiations in May 2000. Paxton, as Telxon's CEO, participated in those discussions. Telxon's Board of Directors indicated its interest to engage in serious discussions with Symbol. A draft merger agreement was circulated in mid-June 2000; (c) Paxton and Crumpler are the source of this information, which is the subject of discovery; (d) Paxton instructed Telxon's Vice President of Human Resources to advance Crumpler up the list of employees waiting to get options from Telxon's option pool, which at the time was extremely limited; (e) Crumpler's alleged "Offer Letter," "Employment Agreement," and "Change in Control," are all dated June 8, 2000. As a matter of practice and procedure, Telxon did not extend employees an "Offer Letter" and an "Employment Agreement" on the same day, and Telxon's Board of Directors never approved a change in control agreement for a new hire. Crumpler's alleged "Amendment" to the Change in Control is dated June 29, 2000. Telxon's Vice President of Human Resources, the officer in charge of maintaining Telxon's employment documents and making disclosures to Symbol regarding employment agreements and change in control agreements during due diligence, did not have an employment or change in control agreement for Crumpler as of August 2000; (f) At various points in time, both before and after the signing of the merger agreement between Telxon and Symbol, hiring restrictions were imposed on Telxon and, thus, Paxton, by the terms of the merger agreement, which will be produced in response to Crumpler's Request for Documents. Since Paxton purportedly hired Crumpler during one of these restrictive periods, he did not have any authority to do so. Further, Paxton may have been required to obtain board approval to hire Crumpler regardless of the status of the merger agreement or the time at which she was purportedly hired.

**INTERROGATORY NO. 3.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in paragraph 8 of the Third-Party Complaint that: (a) Paxton "materially misrepresented" to Telxon and/or Symbol the dates of Crumpler's Change in Control Agreement and/or the Amendment thereto; (b) those agreements were "backdated" and/or "unauthorized;" and (c) Paxton presented those agreements to Symbol during the due diligence process.

**RESPONSE:**

Objection: The allegations of the Third-Party Complaint speak for themselves. Defendants object to Paxton's recharacterization of the allegations. Subject to and without waiving the foregoing objections, Defendants, for their Response, state: Paxton, as Telxon's Chief Executive Officer, was directly responsible, either indirectly through oversight or directly through actual participation, for providing responses to Symbol's due diligence requests. Paxton never disclosed that Crumpler's various alleged agreements were not signed on the dates indicated. Further responding, see Defendants' Response to Interrogatory No. 2(f).

**INTERROGATORY NO. 4.** Identify all individuals who conducted or participated in the "due diligence process" relating to the merger between Telxon and Symbol (a) on behalf of Symbol and (b) on behalf of Telxon, and describe each such individual's role, responsibilities and actions for each company.

**RESPONSE:**

Objection: Interrogatory No. 4 seeks extensive irrelevant information and is overly broad and unduly burdensome. Hundreds of people, including dozens of attorneys,

6

investment bankers, and employees from Telxon and Symbol, "conducted or participated" in the due diligence process.

**INTERROGATORY NO. 5.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in paragraph 9 of the Third-Party Complaint that Paxton and/or Crumpler knew that: (a) the dates of Crumpler's Change in Control Agreement and/or the Amendment thereto were "false;" and (b) Paxton could not enter into such agreements or the Relocation Agreement without Symbol's prior approval.

**RESPONSE:**

Objection: The allegations of the Third-Party Complaint speak for themselves. Defendants object to Paxton's recharacterization of the allegations. Subject to and without waiving the foregoing objections, Defendants, for their Response, state: (a) See Defendants Response to Interrogatory No. 2. (b) Paxton arranged for Crumpler to receive a payment of almost $150,000.00 for relocation expenses with full knowledge that Crumpler never relocated. Paxton was precluded, without the express written consent of Symbol, from entering into such agreements by the terms of the merger agreement between Telxon and Symbol. The Merger Agreement is attached to Defendants' Third-Party Complaint and the relevant sections that require Paxton to seek Symbol's prior approval are quoted and referenced therein.

**INTERROGATORY NO. 6.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in paragraph 10 of the Third-Party Complaint that Paxton's purpose when

he allegedly "deceptively backdated" certain agreements with Crumpler was to mislead and defraud Third-Party Plaintiffs.

**RESPONSE:**

Objection: The allegations of the Third-Party Complaint speak for themselves. Defendants object to Paxton's recharacterization of the allegations. Subject to and without waiving the foregoing objections, Defendants, for their Response, state: Paxton concealed the actual dates on the various alleged agreements from Symbol and personnel within Telxon, including, but not limited to, Telxon's Vice President of Human Resources, and Tomo Razmilovic and Robert Bradshaw of Symbol. Paxton did not reveal, until months later, that the Amendment to the Change in Control was not authorized.

**INTERROGATORY NO. 7.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in paragraph 11 of the Third-Party Complaint that Third-Party Plaintiffs "reasonably relied" on Paxton's alleged "misrepresentations" and "concealment of material facts."

**RESPONSE:**

Objection: The allegations of the Third-Party Complaint speak for themselves. Defendants object to Paxton's recharacterization of the allegations. Subject to and without waiving the foregoing objections, Defendants, for their Response, state: Defendants paid Crumpler $150,000.00 in reliance on Crumpler and Paxton's representations through the dates recording on the Change in Control agreement and through direct representations from Paxton

and Crumpler to various members of Symbol's management, including but not limited to, Robert Bradshaw and Tomo Razmilovic.

**INTERROGATORY NO. 8.** Identify each individual at Telxon or Symbol who allegedly "reasonably relied" on Paxton's alleged "misrepresentations" and "concealment of material facts" to his or her or Third-Party Plaintiffs' detriment.

**RESPONSE:**

See Defendants' Response to Interrogatory No. 7.

**INTERROGATORY NO. 9.** Identify all facts that support, undermine or otherwise relate to the allegations set forth in Paragraph 11 of the Third-Party Complaint that Third-Party Plaintiffs have "incurred significant damages" as a result of Paxton's alleged actions.

**RESPONSE:**

See Defendants' Response to Interrogatory No. 7.

**INTERROGATORY NO. 10.** Identify each individual who served as a member of either Telxon's or Symbol's Board of Directors at any time during the period July 1, 1998 to present, and state on which Board each such individual served and for what period of time.

**RESPONSE:**

Objection: This Interrogatory seeks information that is irrelevant and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the above objections, Telxon's Board during 1998 & 1999: Richard J. Bogomolny, John H. Cribb, Jonathan R. Macey, Norton Rose, Robert A. Goodman, Raj Reddy. Telxon's Board during 2000: David

Garwood, L. Michael Hone, Dennis Lehr, Jim Gallagher, Robert A. Goodman, Raj Reddy, John W. Paxton, Sr. Symbol's Board during 2000: Jerome Swartz, Tomo Razmilovic, Raymond R. Martino, Harvey P. Mallement, Saul P. Steinberg, Lowell C. Freiberg, George Bugliarello, Charles Wang, Leo A. Guthart.

**INTERROGATORY NO. 11.** Identify all employees and independent contractors who had human resources responsibilities or performed human resources-related duties or functions for Telxon at any time during the period July 1, 1998 to present, including: (a) such individuals' title; (b) a description of his/her job duties; (c) all compensation such person received in any form, including but not limited to salary, benefits, bonuses, stock options, relocation benefits, and severance or change in control agreements; and (d) such persons' dates of employment.

**RESPONSE:**

Objection: Interrogatory No. 11 seeks extensive irrelevant information, is overly broad and unduly burdensome, and seeks information that is not reasonably calculated to lead to discovery of admissible evidence. Further, Interrogatory No. 11 contains undefined, ambiguous words and phrases. Telxon, worldwide, had hundreds of employees that had "human resource responsibilities or performed human resources-related duties or functions for Telxon at any time during the period of July 1, 1998 to present."

**INTERROGATORY NO. 12.** Identify (a) the responsibilities and duties Crumpler performed for Telxon as a consultant and then as an employee; and (b) the individual or individuals who

performed each such responsibility or duty prior to Crumpler's engagement as a consultant and later hiring as an employee.

**RESPONSE:**

Objection: Defendants object to the extent that Interrogatory No. 12 implies that Crumpler was ever properly employed by Telxon as a consultant or employee. Subject to the foregoing Objections stated above, Defendants respond as follows: (a) Defendants are producing Crumpler's various engagement letters and work product in response to Paxton's (and Crumpler's) Request for Documents. The Burden of deriving or ascertaining this information from these documents is substantially the same for Paxton and Defendants and, accordingly, in response to this Interrogatory, Defendants refer Paxton to these documents in accordance with Rule 33(d). Further responding, this information is within the possession of Crumpler and Paxton and will be the subject of discovery; (b) After reasonable inquiry, Telxon is unable to identify any individual(s) who performed Crumpler's responsibilities as an alleged consultant or employee prior to Crumpler.

**INTERROGATORY NO. 13.** For the period of time January 1, 1996 through December 1, 2000: (a) state the number of times Symbol approached Telxon about the possibility of merger or acquisition; (b) describe the course of such discussions and negotiations, including specific meetings, proposals or other communications whether verbal or written, and the ultimate outcome of same; (c) identify all individuals who, on behalf of either Telxon or Symbol, participated in any merger or acquisition discussions, including but not limited to negotiation

of the Agreement and Plan of Merger; and (d) describe each such individual's role in the discussions or negotiations.

**RESPONSE:**

Objection: Interrogatory No. 13 seeks extensive irrelevant information, is overly broad and unduly burdensome, and is not reasonably calculated to lead to discovery of admissible evidence. Further responding, see Defendants' Response to Interrogatory No. 4.

**INTERROGATORY NO. 14.** Set forth below, with particularity, the dollar amount of damages Third-Party Plaintiffs claim to have suffered as a result of Paxton's alleged conduct as set forth in the Third-Party Complaint, including the facts and circumstances which Third-Party Plaintiffs contends support this amount and the precise method by which such amount was calculated.

**RESPONSE:**

Defendants have not quantified the damages suffered. Defendants will supplement their Response at the appropriate time.

**INTERROGATORY NO. 15.** Identify each document requested in Paxton's First Set of Requests for Production of Documents to Telxon and Symbol that Third-Party Plaintiffs have withheld from production or intend to withhold, and state the basis for same.

**RESPONSE:**

Defendants will produce a privilege a log pursuant to the Federal Rules of Civil Procedure.

Respectfully submitted,

OF COUNSEL:

GOODMAN WEISS MILLER LLP

_____
JAMES S. WERTHEIM (0029464)
KIMBERLY Y. SMITH (0066849)
JON J. PINNEY (0072761)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
wertheim@goodmanweissmiller.com
smith@goodmanweissmiller.com
pinney@goodmanweissmiller.com

**Attorneys for Defendants**

AS TO OBJECTIONS:

_____
KIMBERLY Y. SMITH

## CERTIFICATE OF SERVICE

A copy of *Defendants' Responses to Third-Party Defendant's First Set of Interrogatories* was sent by overnight mail, postage prepaid, this 6th day of January, 2003, to:

>Robert A. McMahon, Esq.
>EBERLY MCMAHON HOCHSCHEID LLC
>3700 Eastern Avenue
>Cincinnati, OH 45226
>**Counsel for Plaintiff Hughette Crumpler**

>Michael A. Manzler, Esq.
>Deborah DeLong, Esq.
>DINSMORE & SHOHL LLP
>1900 Chemed Center
>255 East Fifth Street
>Cincinnati, OH 45202
>**Counsel for Third-Party Defendant John W. Paxton, Sr.**

_____
KIMBERLY Y. SMITH