IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | DEFENDANTS' RESPONSES TO |
| | ) | PLAINTIFF'S FIRST REQUEST FOR |
| Defendants/Third-Party Plaintiffs, | ) | PRODUCTION OF DOCUMENTS |
| | ) | |
| vs. | ) | |
| | ) | |
| JOHN W. PAXTON, SR., | ) | |
| | ) | |
| Third-Party Defendant. | ) | |

Defendants, Telxon Corporation and Symbol Technologies, Inc. (collectively "Defendants"), for their Responses to Plaintiff's First Request for Production of Documents, object and respond as follows:

**GENERAL OBJECTIONS**

1. Defendants object to the Instructions contained in the Requests insofar as they seek documents that are confidential under the attorney-client privilege or the attorney work product doctrine.

2. Defendants object to the Definitions and Instructions contained in the Requests to the extent that they ask Defendants to search for and produce documents not in their possession, custody, or control.

**Exhibit F**

3. Defendants object to the Definitions and Instructions contained in the Requests requiring Defendants to supplement its responses. Defendants will supplement their responses to the Requests as required under Rule 26(e) of the Federal Rules of Civil Procedure.

4. Defendants object to the definition of "Telxon" and "Symbol." Telxon and Symbol are the only corporate defendants. For purposes of responding to the Requests, "Telxon" will be defined as Telxon Corporation and "Symbol" will be defined as Symbol Technologies, Inc.

5. Defendants object to the Definitions and Instructions to the extent that they require Defendants to redefine words and to attach artificial and contrived meanings to words. Defendants, accordingly, will give the words contained in the Requests their commonly accepted meanings and respond to the Requests on that basis.

6. Defendants object to the Definitions and Instructions, all of which occupy multiple pages. Defendants state that they will respond and/or object to the Requests pursuant to the Federal Rules of Civil Procedure and not pursuant to Plaintiff's characterization of those rules.

The following responses are subject to the General Objections stated. Specific objections supplement the General Objections already stated.

## REQUEST FOR DOCUMENTS

1. A complete copy of Crumpler's personnel file.

**RESPONSE:**

Documents in Defendants' possession responsive to this Request will be produced.

2. All documents referring or relating to contracts and agreements of any kind between Crumpler and either Telxon and/or Symbol.

**RESPONSE:**

Objection: Defendants object to Request No. 2 to the extent that it assumes there are any valid contracts or agreements between Crumpler and either Telxon and/or Symbol. Subject to and without waiving the foregoing objections, documents in Defendants' possession that may be responsive to this Request are already in Crumpler's possession.

3. All documents referring or relating to the preparation of the following documents, including but not limited to, all draft versions, notes, emails and memoranda, and all documents (including all computer and data information) referring or relating to the date when each such document was created, modified, revised, and/or edited:

    a) Change in Control Agreement;

    b) Amendment to the Change in Control Agreement;

    c) Relocation Agreement;

    d) Employment Agreement; and

    e) Offer Letter.

3

**RESPONSE:**

Defendants do not have in their possession, custody, or control any documents responsive to this request.

4. All documents referring or relating to your defense that Paxton was not authorized to enter into the following agreements with Crumpler on behalf of Telxon.

    a) Change in Control Agreement;

    b) Amendment to the Change in Control Agreement;

    c) Relocation Agreement.

**RESPONSE:**

Documents responsive to this Request have already been produced or will be produced upon entry of a proper protective order.

5. All documents referring or relating to your defense that the following agreements were the product of alleged fraud by Crumpler and/or Paxton:

    a) Change in Control Agreement;

    b) Amendment to the Change in Control Agreement;

    c) Relocation Agreement; and

    d) Employment Agreement.

**RESPONSE:**

Documents responsive to this Request have already been produced or will be produced upon entry of a proper protective order.

6. All payroll records relating to Crumpler's employment with Telxon, including all form W-2s and 1099s that Telxon and/or Symbol provided to Crumpler.

**RESPONSE:**

Objection: Defendants object to the extent that Request No. 6 assumes that Crumpler was ever properly employed by Telxon. Subject to and without waiving the foregoing objections, documents that may be responsive to this Request will be produced.

7. All documents referring or relating to the $30,000 that was paid to Crumpler by Telxon when Crumpler became employed by Telxon, including all payment records, notes, memoranda, and authorizations and requests for payment.

**RESPONSE:**

Objection: Defendants object to the extent that Request No. 7 assumes that Crumpler was ever properly employed by Telxon. Subject to and without waiving the foregoing objections, documents that may be responsive to this Request will be produced.

8. All documents provided by Telxon to Symbol with respect to Telxon's change in control agreements effective between January 1, 2000 and November 30, 2000, including all

summaries, memoranda and/or matrixes outlining the provisions and contractual obligations under such change in control agreements.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. In addition, this Request seeks confidential information. Subject to and without waiving the foregoing objections, documents responsive to this Request will be produced upon entry of an appropriate protective order.

9. All documents referring or relating to relocation benefits offered by Telxon to its employees between January 1, 2000 and November 30, 2000, including all policies and procedures, memoranda, emails, announcements, and programs.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, documents responsive to this Request will be produced.

10. All documents referring or relating to policy, procedure, program or benefit in effect since January 1, 1998 whereby Telxon agreed to and would reimburse its employees for relocation expenses in an amount determined by or related to the employee's annual salary, including all policies and procedures, memoranda, emails, announcements, and programs.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, and unlikely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants do not have in their possession, custody, or control any documents responsive to this request.

11. All documents referring or relating to resolutions by Telxon's board of directors between January 1, 2000 and December 31, 2000, whereby the board of directors approved, ratified or authorized any actions taken by Paxton during the then-current or preceding calendar and fiscal years.

**RESPONSE:**

Objection: This Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. Subject to and without waiving the foregoing objections, there are no relevant documents "referring or relating to resolutions" that address Crumpler's various alleged agreements and employment or any issue related to this case.

12. All documents referring or relating to resolutions by Symbol's board of directors between January 1, 2000 and December 31, 2000, whereby the board of directors approved, ratified or authorized any actions taken by Paxton during the then-current or preceding calendar and fiscal years.

**RESPONSE:**

Objection: This Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. Subject to and without waiving the foregoing objections, there are no relevant documents "referring or relating to resolutions" that address Crumpler's various alleged agreements and employment or any issue relevant to this case.

13. All documents in Symbol's possession that refer or relate to Crumpler, including all agreements, contracts, memoranda, email, correspondence, and payment records.

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity and this Request is overly broad and unduly burdensome. This Request seeks Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. Subject to and without waiving the foregoing objections, Symbol will produce documents in its possession, custody, or control that are responsive to this Request.

14. A complete copy of the personnel file of Margaret E. Pais.

**RESPONSE:**

   Objection: This Request requires Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

15. All documents referring or relating to contracts and agreements of any kind between Margaret E. Pais and either Telxon and/or Symbol, including all change in control agreements, employment agreements, severance agreements, and relocation agreements.

**RESPONSE:**

   Objection: This Request requires Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

15. [sic] All documents referring or relating to contracts and agreements of any kind between Gene Harmegnies and either Telxon and/or Symbol, including all change in control agreements, employment agreements, severance agreements, and relocation agreements.

**RESPONSE:**

   Objection: This Request requires Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

16.  All documents referring or relating to your Answer, Counterclaim, and Third-Party Complaint.

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity and this Request is unintelligible. Subject to and without waiving the foregoing objections, documents responsive to this request already have been produced or will be produced upon entry of a proper protective order.

17.  All documents referring or relating to communications with current and/or former employees of Telxon and/or Symbol in connection with any of the claims or defenses at issue in the Complaint, Counterclaim, Third-Party Complaint, and/or Paxton's Counterclaim.

**RESPONSE:**

Objection: This Request seeks documents protected by the work product doctrine and the attorney-client privilege. *See* Federal Rule of Evidence 408. Non-privileged documents responsive to this Request will be or already have been produced.

18.  All documents referring or relating to meetings among Tomo Razmilovic, Paxton and/or Woody McGee between July 25, 2000 and December 31, 2000, including all notes, memoranda, emails, agendas, agreements and correspondence.

**RESPONSE:**

Defendants will produce documents in its possession, custody, or control, if any, responsive to this Request that are not protected by the work product doctrine or the attorney-client privilege. *See* Federal Rule of Evidence 408.

19. All documents referring or relating to Crumpler's separation from Telxon.

**RESPONSE:**

Objection: Defendants object to Request No. 19 to the extent that it suggests that Crumpler was ever properly employed by Telxon. Subject to and without waiving the foregoing objections, documents that may be responsive to this Request will be produced.

20. All witness statements, transcripts or notes of interviews, and affidavits provided by any person who may testify at trial.

**RESPONSE:**

Objection: This Request seeks documents protected by the work product doctrine and the attorney-client privilege. *See* Federal Rule of Evidence 408.

21. All documents referring or relating to Section 2.10(a) of the Company Disclosure Schedule to the Telxon-Symbol Agreement and Plan of Merger, including all versions of that document, and any modifications, amendments, revisions and edits.

**RESPONSE:**

Objection: This Request seeks information that is irrelevant and not likely to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, Defendants will make available for copying documents in its possession, custody, or control responsive to this Request that are not protected by the work product doctrine or the attorney-client privilege. *See* Federal Rule of Evidence 408.

22. All documents maintained, created or reviewed by Kathy Payne with respect to human resources issues during the due diligence process for the merger between Telxon and Symbol, including all notebooks, memoranda, emails, indices of documents.

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity. Further, this Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

23. All documents referring or relating to change in control agreements that Telxon and/or Symbol *have not* honored or paid, whether in whole or in part, since November 30, 2000, including copies of all such agreements, correspondence, memoranda, emails, and all documents relating to any related litigation (including all court pleadings, memoranda, court orders and judgments).

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity. Further, this Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

24.     All documents referring or relating to change in control agreements that Telxon and/or Symbol *have* honored or paid, whether in whole or in part, since November 30, 2000, including copies of all such agreements, correspondence, memoranda, emails, and all documents relating to any related litigation (including all court pleadings, memoranda, court orders and judgments).

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity. Further, this Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

25.     All documents referring or relating to contracts or agreements entered into by Telxon and any person other than Symbol between July 25, 2000 and November 30, 2000.

**RESPONSE:**

Objection: The documents requested are not described with reasonable particularity. The Request is overly broad and unduly burdensome. Further, this Request seeks Defendants

to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

26. All documents and files maintained by Beth Staples during calendar year 2000 that refer or relate to change in control agreements, employment agreements, relocation agreements and human resources issues.

**RESPONSE:**

Objection: This Request seeks Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. Beth Staples was Telxon's counsel during calendar year 2000. Therefore, this Request also seeks documents protected by the work product doctrine and the attorney-client privilege. *See* Federal Rule of Evidence 408. This Request is also overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule 26(b). This Request could conceivably encompass thousands of documents that are protected by the attorney-client privilege and/or are totally irrelevant to the claims and defenses of any party to this litigation.

27. All documents filed with the SEC by Telxon and/or Symbol with respect to Telxon's change in control agreements, severance agreements and employment agreements effective between January 1, 2000 and December 31, 2000.

14

**RESPONSE:**

Objection: This Request seeks Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

Respectfully submitted,

OF COUNSEL:

GOODMAN WEISS MILLER LLP

JAMES S. WERTHEIM (0029464)
KIMBERLY Y. SMITH (0066849)
JON J. PINNEY (0072761)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
wertheim@goodmanweissmiller.com
smith@goodmanweissmiller.com
pinney@goodmanweissmiller.com

**Attorneys for Defendants**

AS TO OBJECTIONS:

_____
KIMBERLY Y. SMITH

## CERTIFICATE OF SERVICE

A copy of *Defendants' Responses to Plaintiff's First Request for Production of Documents* was sent by overnight mail, postage prepaid, this 6th day of January, 2003, to:

>Robert A. McMahon, Esq.
>EBERLY MCMAHON HOCHSCHEID LLC
>3700 Eastern Avenue
>Cincinnati, OH 45226
>**Counsel for Plaintiff Hughette Crumpler**
>
>Michael A. Manzler, Esq.
>Deborah DeLong, Esq.
>DINSMORE & SHOHL LLP
>1900 Chemed Center
>255 East Fifth Street
>Cincinnati, OH 45202
>**Counsel for Third-Party Defendant John W. Paxton, Sr.**

*/s/ Kimberly Y. Smith*
KIMBERLY Y. SMITH