IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| HUGHETTE CRUMPLER, | ) | CASE NO. C-1-02-131 |
| | ) | |
| Plaintiff, | ) | JUDGE SUSAN J. DLOTT |
| | ) | |
| vs. | ) | |
| | ) | |
| TELXON CORPORATION, et al., | ) | |
| | ) | |
| Defendants/Third-Party | ) | **RESPONSE TO THIRD-PARTY** |
| Plaintiffs, | ) | **DEFENDANT JOHN W. PAXTON,** |
| | ) | **SR.'S FIRST SET OF REQUESTS** |
| vs. | ) | **FOR PRODUCTION OF** |
| | ) | **DOCUMENTS TO TELXON** |
| JOHN W. PAXTON, SR., | ) | **CORPORATION AND SYMBOL** |
| | ) | **TECHNOLOGIES, INC.** |
| Third-Party Defendant. | ) | |

Defendants/Third-Party Plaintiffs Telxon Corporation and Symbol Technologies, Inc.

(collectively "Defendants"), for their Responses to Third-Party Defendant John W. Paxton, Sr.'s

("Paxton") First Request for Production of Documents, object and respond as follows:

## GENERAL OBJECTIONS

1.      Defendants object to the Instructions contained in the Requests insofar as they

seek documents that are confidential under the attorney-client privilege or the attorney work

product doctrine.

**Exhibit G**

2.    Defendants object to the Definitions and Instructions contained in the Requests to the extent that they ask Defendants to search for and produce documents not in their possession, custody, or control.

3.    Defendants object to the Requests on the basis that they are overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule 26(b).

4.    Defendants object to the Definitions and Instructions contained in the Requests requiring Defendants to supplement its responses. Defendants will supplement their responses to the Requests as required under Rule 26(e) of the Federal Rules of Civil Procedure.

5.    Defendants object to the definition of "Telxon" and "Symbol." Telxon and Symbol are the only corporate defendants. For purposes of responding to the Requests, "Telxon" will be defined as Telxon Corporation and "Symbol" will be defined as Symbol Technologies, Inc.

6.    Defendants object to the Definitions and Instructions to the extent that they require Defendants to redefine words and to attach artificial and contrived meanings to words. Defendants, accordingly, will give the words contained in the Requests their commonly accepted meanings and respond to the Requests on that basis.

7.    Defendants object to the Definitions and Instructions, all of which occupy multiple pages. Defendants state that they will respond and/or object to the Requests pursuant to the Federal Rules of Civil Procedure and not pursuant to Paxton's characterization of those rules.

2

The following responses are subject to the General Objections stated.   Specific objections supplement the General Objections already stated.

1.     Produce any and all documents relating to Paxton's application for employment with Telxon, employment with Telxon, and/or the ending of same, including but not limited to any: applications; interview notes; offer letters or employment contracts, including any documents involving compensation, bonuses or benefits; payroll records; performance reviews or evaluations; warnings, counselings or other disciplinary actions, or any alleged misconduct of Paxton or investigation of allegations of misconduct; commendations; Paxton's personnel file or other similar files, however denominated; employee handbooks, personnel manuals or other company policies applicable to Paxton; employee benefits plan documents; and any notes relating to any of the above.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, seeks documents that are not described with reasonable particularity and that are not likely to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objections, documents responsive to this Request will either be produced or made available for copying.

2.     Produce any and all documents relating to Hughette Crumpler's retention as a consultant, application for employment with Telxon, employment with Telxon, and/or the ending of same, including but not limited to any: applications; interview notes; offer letters or employment contracts, including any documents involving compensation, bonuses or

3

benefits; payroll records; performance reviews or evaluations; warnings, counselings or other disciplinary actions; commendations; Crumpler's personnel file or other similar files, however denominated; employee handbooks, personnel manuals or other company policies applicable to Crumpler; employee benefits plan documents; and any notes relating to any of the above.

**RESPONSE:**

Objection: Defendants object to the extent that this Request assumes Crumpler was ever properly employed by Telxon. Further, this Request is over broad, unduly burdensome, and seeks documents not described with reasonable particularity. Subject to and without waiving the foregoing objections, documents responsive to this Request will either be produced or made available for copying.


3.    Produce any and all documents relating to Meg Pais's application for employment with Telxon, employment with Telxon, and/or the ending of same, including but not limited to any: applications; interview notes; offer letters or employment contracts, including any documents involving compensation, bonuses or benefits; payroll records; performance reviews or evaluations; warnings, counselings or other disciplinary actions; commendations; Pais's personnel file or other similar files, however denominated; employee handbooks, personnel manuals or other company policies applicable to Pais; employee benefits plan documents; and any notes relating to any of the above.

**RESPONSE:**

Objection: This Request requires Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

4.     Produce any and all documents relating to Telxon's or Symbol's hiring, employment, or ending of employment of the person or persons who replaced or otherwise assumed some or all of the job duties and responsibilities formerly performed by Hughette Crumpler and/or Meg Pais, including but not limited to any:  applications; interview notes; offer letters or employment contracts, including any documents involving compensation, bonuses or benefits; payroll records; performance reviews or evaluations; warnings, counselings or other disciplinary actions; commendations; personnel files or other similar files, however denominated; employee handbooks, personnel manuals or other company policies applicable to such person(s); employee benefits plan documents; and any notes relating to any of the above.

**RESPONSE:**

Defendants do not have in their possession, custody, or control any documents responsive to this request.

5.     Produce any and all documents relating to Paxton's duties, responsibilities, tasks, assignments or authority while employed by Third-Party Plaintiffs.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, seeks documents not described with reasonable particularity and seeks information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing objections, documents that may be responsive to this Request will be produced or made available for copying.

6.    Produce any and all documents relating to Crumpler's duties, responsibilities, tasks or assignments while employed by Third-Party Plaintiffs.

**RESPONSE:**

Objection: Defendants object to the extent that this Request assumes that Crumpler was ever properly employed by Telxon. Subject to and without waiving the foregoing objections, documents responsive to this Request, if any, will be produced.

7.    Produce any and all documents relating to Pais's duties, responsibilities, tasks or assignments while employed by Third-Party Plaintiffs.

**RESPONSE:**

Objection: This Request requires Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

8.    Produce any and all offer letters, employment contracts, severance policies, packages or agreements, or other documents of Telxon or Symbol with or applicable to any officer, director, employee or agent of either company that was signed, effective, or resulted in payment to any officer, director, employee or agent of either of Third-Party Plaintiffs during the time period January 1, 1997 to the present.

**RESPONSE:**

Objection:  This Request is overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule 26(b).  This Request also requires Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

9.    Produce all documents reflecting payments made to Meg Pais, Hughette Crumpler or any other Telxon employee between January 1, 1997 and the present as a result of the ending of such employee's employment, under any relocation agreement, change in control agreement, severance agreement or other employment contract.

**RESPONSE:**

Objection: Defendants object to this Request to the extent that it assumes Crumpler was ever properly employed by Telxon.  Moreover, this Request is overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule 26(b).  This Request also requires Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of

7

admissible evidence in regard to the claims and defenses of any party to this litigation. Subject to and without waiving the foregoing objections, Defendants will produce documents in their possession, custody, or control reflecting payments made to Crumpler.

10.    Produce all by-laws, certificates of incorporation (including the Restated Certificate of Incorporation), board minutes and/or resolutions, minute books, SEC filings, and certificates of merger and other merger-related documents (including but not limited to the July 25, 2000, Agreement and Plan of Merger and the Company Disclosure Schedule(s)) of Telxon from January 1, 1999 through the present.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome, and seeks information that is confidential and not reasonably calculated to lead to the discovery of admissible evidence.  Further, some of this information is public record and more easily accessed at http://www.sec.gov/. Subject to and without waiving the foregoing objections, documents that may be responsive to this Request will be or already have been produced, or will be made available for copying subject to the entry of a proper protective order, if necessary.

11.    Produce all by-laws, certificates of incorporation (including the Restated Certificate of Incorporation), board minutes and/or resolutions, minute books, SEC filings, and certificates of merger and other merger-related documents of Symbol from January 1, 1999 through the present.

8

RESPONSE:

Objection: This Request requires Defendants to produce documents and information that are confidential and not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation.

12.    Produce any and all documents relating to the possibility of an acquisition, merger or takeover (collectively, "merger") by or between Symbol and Telxon between January 1, 1996 and December 31, 2000, including but not limited to: any plan, proposal or exploration of merger; documents regarding or reflecting merger discussions, negotiations or other communications, or the potential terms of such a merger; merger-related research or due diligence; and any documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' allegations contained in paragraphs 9 and 10 of their Counterclaim against Crumpler that in early June of 2000, Symbol approached Telxon and made an offer to buy Telxon and that by July 21, 2000, "it was already clear that Telxon would be sold to Symbol."

RESPONSE:

Objection: This Request is overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule 26(b). This Request also requires Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. This Request also seeks documents protected by the work product doctrine and the attorney-client privilege. *See* Federal Rule of Evidence 408. Subject to and without waiving the foregoing objections, Defendants will

produce or already have produced documents in their possession, custody, or control reflecting the negotiations and terms of merger discussions initiated in the Spring of 2000 and the Agreement and Plan of Merger consummated on November 30, 2000, that are not protected by the work product doctrine and the attorney-client privilege subject to the entry of an appropriate protective order.

13.    Produce any and all insurance policies, plans or agreements that Third-Party Plaintiffs obtained or maintained, including but not limited to directors and officers ("D&O") liability insurance, that were in effect at any time from January 1, 1998 to the present or under which any person or entity carrying on an insurance business or similar enterprise may be liable to satisfy part or all of any judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.

**RESPONSE:**

Objection:  This Request is overly broad and requires Defendants to produce documents and information not relevant or reasonably calculated to lead to the discovery of admissible evidence in regard to the claims and defenses of any party to this litigation. Subject to and without waiving the foregoing objections, Defendants will produce or make available for copying copies of insurance policies potentially providing coverage in this case upon the entry of a proper protective order.

14.    Produce any and all documents that reflect, help establish, undermine or in any other manner relate to the type(s) and/or amount(s) of damages Third-Party Plaintiffs claim to have suffered as a result of Paxton's alleged actions.

**RESPONSE:**

Defendants will produce or already have produced documents in their possession, custody, or control responsive to this Request that are not protected by the work product doctrine or the attorney-client privilege. *See* Federal Rule of Evidence 408.

15.    Produce any and all documents reflecting or containing statements obtained from, or communications with, any person that relate to Crumpler's claims against Telxon and Symbol or to Third-Party Plaintiffs' claims against Paxton or Crumpler.

**RESPONSE:**

Defendants will produce or already have produced documents in their possession, custody, or control responsive to this Request that are not protected by the work product doctrine or the attorney-client privilege. *See* Federal Rule of Evidence 408.

16.    Produce any and all documents regarding any communication Third-Party Plaintiffs have had with Paxton between January 1, 1998 and the present that relates to Crumpler's claims against Telxon and Symbol or to Third-Party Plaintiffs' claims against Paxton or Crumpler.

**RESPONSE:**

Objection: This Request is overly broad, unduly burdensome and seeks documents that are not described with reasonable particularity. Subject to and without waiving the foregoing objections, documents responsive to this Request will be produced.

17.    Produce any and all documents shown to and/or received from any expert Third-Party Plaintiffs have consulted or retained in this case, including but not limited to any reports and/or drafts of reports prepared by each such expert.

**RESPONSE:**

Defendants will produce a copy of their expert report, with documents attached, consistent with the terms and deadlines set forth in the Discovery Plan and as required by Rule 26.

18.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claim in paragraph 7 of the Complaint that Paxton deceptively engaged in a scheme to defraud Third-Party Plaintiffs by fabricating a consulting agreement with Crumpler.

**RESPONSE:**

Documents responsive to this Request, if any, will be or already have been produced.

19.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claims in paragraph 7 of the Complaint that (a) Paxton placed Crumpler on the

payroll at a time when it was "clear" that Telxon would be sold to Symbol and (b) backdated her Offer Letter to conceal the alleged conduct.

**RESPONSE:**

Documents responsive to this Request will be or already have been produced.

20.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claims in paragraph 7 of the Complaint that (a) Paxton "made" Crumpler eligible for stock options, (b) Paxton advanced her up the list of employees waiting to obtain options, and (c) the stock option pool was limited; including but not limited to all stock option plans maintained by Telxon and documents relating to any such plan(s).

**RESPONSE:**

Documents responsive to this Request will be or already have been produced.

21.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claim in paragraph 7 of the Complaint that Paxton backdated Crumpler's Change in Control Agreement and/or the Amendment thereto to predate the Merger Agreement.

**RESPONSE:**

Documents responsive to this Request will be or already have been produced.

22.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claim in paragraph 7 of the Complaint that Paxton entered into a grossed-up

Relocation Agreement with Crumpler just weeks before consummation of the merger between Telxon and Symbol.

**RESPONSE:**

Documents responsive to this Request will be or already have been produced.

23.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claims in paragraph 7 of the Complaint that (a) Paxton took any of the allegedly wrongful actions set forth therein without seeking Symbol's approval or the approval of Telxon's Board of Directors and (b) that Paxton was required to obtain such approval(s).

**RESPONSE:**

Documents responsive to this Request already have been produced or will be produced upon entry of a proper protective order.

24.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claims in paragraph 8 of the Complaint that Paxton (a) materially misrepresented to Third-Party Plaintiffs that the dates of Crumpler's Change in Control Agreement and the Amendment thereto predated the Merger Agreement and (b) concealed from Symbol that the agreements were backdated and unauthorized when presenting these agreements to Symbol during the merger due diligence process.

**RESPONSE:**

Documents responsive to this Request, if any, will be or already have been produced.

14

25.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claim in paragraph 9 of the Complaint that Paxton and/or Crumpler knew (a) that the dates of the Change in Control Agreement and the Amendment thereto were false and (b) that Paxton could not enter into such agreements without Symbol's prior approval.

**RESPONSE:**

Documents responsive to this Request already have been produced or will be produced upon entry of a proper protective order.

26.    Produce any and all documents supporting, undermining or otherwise relating to Third-Party Plaintiffs' claim in paragraph 11 of the Complaint that Third-Party Plaintiffs (a) reasonably relied on Paxton's alleged misrepresentations and concealment of material facts and (b) as a result incurred significant damages.

**RESPONSE:**

Documents responsive to this Request will be or already have been produced.

27.    Produce any and all documents, whenever prepared, which Third-Party Plaintiffs contend support or otherwise relate to, discuss or refer to, any other allegation contained in any paragraph of the Third-Party Complaint or Third-Party Plaintiffs' Counterclaim against Crumpler.

**RESPONSE:**

Objection:  This Request is overly broad and unduly burdensome due to the fact that the documents requested are not described with reasonable particularity as mandated by Rule

26(b). This Request also seeks documents potentially protected by the work product doctrine and the attorney-client privilege. *See* Federal Rule of Evidence 408. Subject to and without waiving the foregoing objections, documents responsive to this request will be or already have been produced.

28.    Produce any and all documents referred to or identified in response to Paxton's Interrogatories to Third-Party Plaintiffs.

**RESPONSE:**

Subject to and without waiving all relevant objections, documents responsive to this Request will be or already have been produced.

29.    Produce any and all documents that you might identify as exhibits in this case, whether at deposition, hearing or trial or in support of or in opposition to any motion.

**RESPONSE:**

Objection: Defendants have not yet determined such documents and will identify them pursuant to and in compliance with the Civil Rules and/or Court Order.

Respectfully submitted,

OF COUNSEL:

GOODMAN WEISS MILLER LLP

JAMES S. WERTHEIM (0029464)
KIMBERLY Y. SMITH (0066849)
JON J. PINNEY (0072761)
100 Erieview Plaza, 27th Floor
Cleveland, OH 44114-1882
(ph.) 216-696-3366 • (fax) 216-363-5835
wertheim@goodmanweissmiller.com
smith@goodmanweissmiller.com
pinney@goodmanweissmiller.com

**Attorneys for Defendants**

AS TO OBJECTIONS:

KIMBERLY Y. SMITH

## CERTIFICATE OF SERVICE

A  copy  of  *Defendants' Responses to Paxton's First Request for Production of Documents* was sent by overnight mail, postage prepaid, this 6th day of January, 2003, to:

>Michael A. Manzler, Esq.
>Deborah DeLong, Esq.
>DINSMORE & SHOHL LLP
>1900 Chemed Center
>255 East Fifth Street
>Cincinnati, OH  45202
>**Counsel for Third-Party Defendant John W. Paxton, Sr.**

>Robert A. McMahon, Esq.
>EBERLY MCMAHON HOCHSCHEID LLC
>3700 Eastern Avenue
>Cincinnati, OH  45226
>**Counsel for Plaintiff Hughette Crumpler**

KIMBERLY Y. SMITH