IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| HUGHETTE CRUMPLER, | CASE NO. C-1-02-131 |
| Plaintiff, | JUDGE SUSAN J. DLOTT |
| vs. | |
| TELXON CORPORATION, et al., | **REPLY OF DEFENDANTS TELXON CORPORATION AND SYMBOL TECHNOLOGIES, INC. IN SUPPORT OF THEIR MOTION TO STRIKE** |
| Defendants/Third-Party Plaintiffs, | |
| vs. | |
| JOHN W. PAXTON, SR., | |
| Third-Party Defendant. | |

## INTRODUCTION

Paxton's opposition side-steps what really matters here. First, it mis-states both the facts and the law about Paxton's authority; he did *not* have authority – under Telxon's by-laws, corporate records, or practices – to provide outrageous benefits without Board approval, regardless of the job title he gave to Crumpler. Second, it ignores that Paxton's use of Judge Dowd's sealed, proposed opinion (which Judge Dowd has *vacated*) directly violated Judge Dowd's order. Not only should Defendants' Motion to Strike and for Sanctions be granted, but also Crumpler and Paxton's Motions for Summary Judgment must be denied.

## **Paxton Lacked Authority**

Paxton attempts to use his opposition memorandum as a vehicle to support his summary judgment argument, compelling Defendants to reply. But, Paxton's argument lacks merit, for one central reason – ***Paxton did not have authority to provide Crumpler with exorbitant benefits without Board approval.***

First, Board approval was required to create the position that Paxton purported to give Crumpler, a position – as described by Paxton – that could have made Crumpler a Telxon executive officer, and thus had to be set by the Board.[1] Section 1 of the Telxon by-laws is clear that advance Board approval is required for the hiring of executive officers. Under that section, only the Board could determine if Crumpler would be an executive officer.

Second, under Section 3 and Telxon's policy and practice, even if the Board had designated Crumpler a *non*-executive officer, its approval was still required for her compensation package.[2] Thus, regardless whether Crumpler was an executive or non-executive officer, Board approval was required.

Third, the documentary evidence contradicts Paxton's and Crumpler's argument, and supports Defendants' position.[3] In fact, Crumpler's purported "change-in-control agreement" itself corroborates that Board approval was required and – ironically – pretends that it already had been obtained.

---

[1] Because Paxton never told anyone at Telxon what Crumpler's position was and never presented her to the Board for approval, her position can only be determined from Paxton's and Crumpler's deposition testimony.

[2] Crumpler testified that she was aware of Board limitations on Paxton's authority in setting her compensation.

[3] Telxon corporate records confirm the requirement that officer compensation receive Board approval. In fact, there is literally *no* Telxon document that refutes that Board approval was required.

Fourth, Paxton's actions and testimony confirm that Board approval was required. He sought advance Board approval for other officer hires, and admitted that he had been told at the outset that the hiring of "officers" required Board approval.

Finally, Telxon policy and practice, which were entirely consistent with Telxon corporate records,[4] required Board approval for officer hiring and compensation. Telxon Board members confirm this historic requirement.[5]

### Paxton Mis-Used Judge Dowd's Sealed, Proposed Opinion

Paxton's counsel ignores the reasons his use of Judge Dowd's sealed, proposed opinion are so offensive. The words of Judge Dowd in vacating that proposed opinion, and of Paxton's Akron counsel in responding to the Judge, say it best:

> THE COURT: To my chagrin, I was put on notice, for reasons that absolutely escape my understanding, ***this preliminary proposed opinion was apparently given to Mr. Paxton and apparently wound up being filed and displayed in the Southern District of Ohio, which absolutely blows my mind.***
>
> I would like some explanation for that conduct before I go any further.
>
> MR. MAZGAJ: Your Honor, Frank Mazgaj, on behalf of Mr. Paxton. . .
> Your, Honor, with respect to that issue, when the court's proposed order came down, I contacted Mr. Paxton by telephone that day, told him that there was a preliminary ruling which was under seal and that it was not –
> THE COURT: It was a proposed ruling. It wasn't a preliminary ruling, was it?
>
> MR. MAZGAJ: I guess that would be the proper term, Your Honor.
>
> THE COURT: Proposed. It's not preliminary. It was proposed.

---

[4] Paxton's argument about inconsistency between by-laws and practice and policy is irrelevant. Under Delaware law, long-standing corporate practice and policy amend or modify by-laws, without any formal corporate action. *Dousman v. Kobus*, 2002 Del. Ch. LEXIS 67 (2002); *In Re Ivey and Ellington, Inc.*, 28 Del. Ch. 298, 42 A. 2d 508, 510 (Del. Ch. 1945).

[5] Neither Garwood's nor Hone's testimony contradicts this.

MR. MAZGAJ:  And I told him –

THE COURT:  The whole purpose of it was to give counsel the opportunity to tell me where I am wrong and sometimes when I've done this, something has been pointed out to me I missed.  I do this out of essentially caution in a complicated, difficult case, but **the last thing I expect to have is to have it in any way published or use it in any other forum.  That is so wrong.**  I don't know how else to describe it.  **I think it's contemptuous of the court frankly**.  What did Mr. Paxton do with it?

MR. MAZGAJ:  Your Honor, I forwarded it that day to Mr. Paxton.  I told him that the court was going to conduct a hearing on it.  The court could reverse its ruling on it.

THE COURT:  I didn't have a ruling on it yet. . .    Why did he take it upon himself to distribute it someone else?

MR. MAZGAJ:  He sent it to his attorney in Cincinnati who is involved in another case involved – unbeknownst to me to an attorney in Cincinnati, by the name of **Michael Manzler** at Dinsmore & Shohl, who is representing Mr. Paxton in other litigation involving Telxon, and that attorney **called me** and needed a better copy of it.  **I said you cannot use that**.  That is not a ruling of the court.  It is under seal.

    **He acknowledged to me that it was under seal and I told him at that point in time you are not permitted to cite that in any way**.  I immediately called Mr. Paxton and said that is not to be disclosed to anybody.  That is under seal.

    Again, unbeknownst to me, **Mr. Manzler had sent a copy to the attorney who was representing a plaintiff in that litigation, Hughette Crumpler**, who I know filed a memorandum in the Southern District and indicated that they had contacted this court about it.

    **That is not right.  I mean, that was improper for them to do that**.  I told them, again, and Mr. Paxton's attorney in that Southern litigation, Southern Ohio Federal Court litigation that they are not to disclose that to anybody.  **He told me that the attorney for Crumpler had cited it in a brief.  I told him that is totally improper.**

* * *

    **Your Honor, I have no explanation for their conduct.**

* * *

THE COURT:  Well, I don't know how to use the English language any better than I did in this case.  I've done this in the past.  I've never had anybody engage in that conduct.  I guess what I am going to have to tell people in the future I do that, do not communicate with your client that's what I am thinking about doing.

I mean, ***I don't know how to run my shop with that kind of misconduct*** especially with people who apparently are semi-prominent in the world.  Mr. Paxton didn't fall off a tree somewhere.  He apparently had enough on-the-ball to become the CEO of Telxon.  So it's just – ***I don't have the words to describe my anger.***

## CONCLUSION

For these reasons, Telxon and Symbol respectfully request that this Court grant its Motion to Strike and for Sanctions.

Respectfully submitted,

| | |
|---|---|
| OF COUNSEL:<br><br>GOODMAN WEISS MILLER LLP | /s/ James S. Wertheim<br>JAMES S. WERTHEIM (0029464)<br>JON J. PINNEY (0072761)<br>100 Erieview Plaza, 27th Floor<br>Cleveland, OH 44114-1882<br>(ph.) 216-696-3366 • (fax) 216-363-5835<br>wertheim@goodmanweissmiller.com<br>smith@goodmanweissmiller.com<br>pinney@goodmanweissmiller.com<br><br>**Attorneys for Defendants/Third-Party Plaintiffs** |

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2003, a copy of the foregoing Reply of Defendants Telxon Corporation And Symbol Technologies, Inc. In Support of Their Motion To Strike was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ James S. Wertheim
JAMES S. WERTHEIM